### DAN A. STUART v. THE STATE.

*No. 835.   Decided February 12th. 1896.*

**Grand Jury—Deliberations of—Presence of County Attorney.**

Art. 394, Code Crim. Proc., provides, "that attorney representing the State may come before the grand jury at any time, except when they are discussing the propriety of finding a bill of indictment or voting upon the same," and Art. 523, Id., provides that a motion to set aside an indictment is good if based upon the ground, "that some person not authorized by law was present when the grand jury were deliberating upon the accusation against the defendant." Held: That the presence of the Assistant County Attorney during "the investigations and deliberations," of the grand jury invalidates the indictment though he may not have been present when they voted upon the finding of the same.

APPEAL from the County Court of Dallas. Tried below before Hon. T. F. NASH, County Judge.

This appeal is from a conviction for permitting a gaming table or bank to be kept and exhibited by appellant in his house for purpose of gaming, the punishment assessed being a fine of $25.

A motion to set aside the indictment was made, and, among other grounds, for the reason that a "certain person, not one authorized by law, was present when the grand jury were deliberating on the accusation against defendant." This motion was overruled by the court, and inasmuch as it is the only question discussed in the opinion no further statement of the case is required.

*Oeland & Smith* and *Martin W. Littleton,* for appellant, cited Code Crim. Proc., Art. 523, Subdiv. 2; Rothschild v. State, 7 Tex. Crim. App., 539.

*Mann Trice,* Assistant Attorney-General, for the State.—The proof shows that Geo. C. Cole, then in the employ of the County Attorney's office, but not regularly appointed by the District Court to wait upon the grand jury, examined the witnesses for the grand jury, upon which this and the other indictments were found. It is expressly stated, however, that he was not present with the grand jury when they voted to present the indictment in this case.

The County Attorney unquestionably has a right to select any assistant to aid and assist the grand jury in the matter of examining wit-

nesses, and to wait upon them generally, irrespective of whether or not said assistant is appointed by the District Court or not. But no person, not even the County Attorney, would be permitted by law, to remain with the grand jury whenever they vote upon the presentment of an indictment. He would have the unquestioned right, however, to remain with them during all the time that the witnesses were being examined, upon which the indictment was based. Hence I conclude that the inhibition "against any person being present with the grand jury when they are deliberating upon the accusation against a defendant" refers to the time when the vote is actually taken as to whether the bill shall be returned.

HENDERSON, JUDGE.—Conviction for permitting faro to be exhibited, for the purpose of gaming, in a house the property of the appellant. Counsel for appellant moved to set aside the indictment, because Mr. Cole, acting as Assistant County Attorney, was present when the grand jury were deliberating upon the accusation against the defendant. Article 523, of the Code of Criminal Procedure, provides that, "A motion to set aside an indictment or information shall be based on one or more of the following causes, and no other: * * * (2) Because that some person not authorized by law was present when the grand jury were deliberating upon the accusation against the defendant, or were voting upon the same." Article 394 provides, "That the attorney representing the State may come before the grand jury at any time, except when they are discussing the propriety of finding a bill of indictment, or voting upon the same." We apprehend that "discussing the propriety of finding a bill of indictment," and "deliberating upon the accusation against the defendant," mean the same thing. Mr. Webster defines "deliberating" as the "act of weighing and examining the reasons for and against a choice of measures; careful discussion and examinations of the reasons for and against a proposition." In support of his motion, appellant introduced Mr. Cole, who swore, "That he was an attorney-at-law; that he was acting as Assistant County Attorney; that he was present when the grand jury was hearing testimony in the case of Dan A. Stuart; that he examined the witnesses for them, and was present with them during their investigations and deliberations on these cases; that he was not present, however, when they voted on the cases." The motion is sustained by the testimony of this witness, and we presume that he understood the meaning of the language used. The County Attorney seemed to be satisfied with his testimony, did not question him as to what he meant by "deliberation and investigations," and the above is all the evidence before us bearing upon this subject. It is strange that the Assistant County Attorney would be present before the grand jury when they were deliberating upon a bill, when the statute provides explicitly that this shall be a ground for setting aside the indictment. Every bill presented under these circumstances, if a motion is made and sustained by the evidence, as in this case, will have to be set aside.

Convictions obtained under such bills, with such a motion so sustained, will all have to be reversed, and the prosecutions dismissed. The motion should have been sustained, because the statute requires it. The judgment is reversed, and the prosecution dismissed.

*Reversed and Dismissed.*