### G. S. McElroy v. The State.

No. 3130.   Decided April 18, 1906.

#### 1.—Local Option—Order for C. O. D. Package—Delivery.

Where the proof showed that appellant gave a written order addressed to Mrs. Russell to deliver a c.o.d. express package on payment of express charges thereon to the person named in said order, and that delivery of said package was made from the express company's office, it was immaterial whether it was actually delivered by the person to whom the order was addressed or by another under the control of the express company.

#### 2.—Same—Place of Sale.

Where an order for a c.o.d. express package containing whisky was made in H.

County and the whisky was delivered to the express office in C. County to which it had been originally ordered by appellant, and the intention of the parties to such order was that the whisky should be delivered in said C. County, the sale took place in said latter county.

**3.—Same—Election Law—Notice of Election.**

Where the notices for the election for local option were given under the terms of the local option statute and not under the terms of what is known as the Terrell Election Law, there was no error.

**4.—Same—Grand Jury—Indictment.**

Where the record showed that a private prosecuting attorney was before the grand jury during the investigation of the accusation against appellant and conducted the examination of the witnesses, but was not present with the grand jury at the time they were deliberating upon the bill against appellant, and that said attorney did not advise the finding of the bill and made no comments upon the evidence, there was not sufficient ground to authorize the setting aside of the indictment.

Appeal from the County Court of Coryell. Tried below before Hon. R. E. West.

Appeal from a conviction of a violation of the local option law; penalty, a fine of $60 and thirty days confinement in the county jail.

The opinion states the case.

No brief for the appellant has reached the hands of the Reporter.

*J. E. Yantis,* Assistant Attorney-General, for the State.

DAVIDSON, Presiding Judge.—Conviction for violating local option law, punishment fixed at a fine of $60 and thirty days confinement in the county jail.

The statement of facts show in substance that appellant had ordered from Waco a gallon of whisky, to be sent him C. O. D. at Gatesville, in Coryell County; that the whisky reached that point in obedience to said order; that appellant at the time was in Hamilton County, at which point he received notice from the express office in Gatesville that his package had arrived. Prosecuting witness Little was present with the defendant when he received the notice. Appellant stated to witness he did not want the whisky. Whereupon witness stated to appellant that he would like to have it. Appellant then gave him the following order:

GATESVILLE, TEXAS, May 3, 1905.

Mrs. Russell:—Please deliver to Jack Little, my express, and he will pay charges, and oblige.                    G. S. McElroy.

It was agreed that this order was executed and delivered in Hamilton County. That Little subsequently presented the order to T. C. Russell, the express agent at Gatesville, and upon said order the express agent turned over and delivered to him the whisky at the express office in Gatesville; that Little paid the C. O. D. and express charges, and took the whisky. That the order above set out is the one delivered to Little, and the identical order presented to T. C.

Russell, the express agent, and upon it the delivery of the package occurred.

Appellant requested the court to charge the jury that if the order was addressed to Mrs. Russell, and that T. C. Russell the express agent, delivered the goods to Little, then such a delivery would be without authority of appellant, and he would be entitled to an acquittal. He further requested a charge to the effect that if the order was executed and delivered in Hamilton County, and that Little was to receive and accept the package at Gatesville, and that he did so accept and receive it, the sale would be in Hamilton County, and not in Coryell. We do not believe either proposition correct. This was not a sale in the proper acceptation of the term, but an order which authorized the transfer of the property upon its presentation. The delivery of the goods was to occur at Gatesville, and such we understand to have been the intention of the parties at the time of the execution of the order by appellant, and its acceptance by Little. Parties have the right to make such contracts as they deem proper, and the intention of the parties to such contract is usually the criterion by which the contract is to be understood and construed. In our judgment the order given and accepted was intended to operate in Gatesville and transfer the property there upon the conditions stated. Nor was appellant correct in the second charge, to wit: that the delivery by T. C. Russell of the goods was not binding on him under this order, as it was directed to Mrs. Russell. The facts admittedly show that the goods were in the express office, and it was that particular gallon of whisky which was to be delivered. The intention of the parties was to deliver this particular gallon of whisky, which was under the control and in the hands of the express company through its agents at that point. Whether Mrs. Russel was an employee of the express company in the office at Gatesville, the intention of the parties was to secure from the express company at that point a transfer of the particular gallon of whisky from appellant to Little. The fact that the agent in person delivered it, would be in accordance with the intention of the parties. A transfer of the property was intended, and the particular property mentioned which was in that express office, and which both parties knew or must have known was in the charge and under the control of the express company through its agent, T. C. Russell. Whether it was delivered through Mrs. Russell or T. C. Russell, under the peculiar facts of this case, we deem would be immaterial. The sale was clearly accomplished in accordance with the intention and purposes of the contracting parties and removed from the express company holding it for appellant. This was intended to operate as a sale at Gatesville, and did transfer the property at that point, and from the parties who legally had the custody, and who were evidently in contemplation of the contracting parties.

It is also urged that the local option law was not operative in Coryell County. The facts show that the law went into effect in

September, 1904. It is agreed that the notices for the election and in obedience to which it was held, were given under the terms of the local option statute, and not under the terms of what is known as the Terrell Election Law. This has been decided adversely to appellant's contention, in Ex parte Keith, 11 Texas Ct. Rep., 501; Hanna v. State, 13 Texas Ct. Rep., 473.

A bill of exceptions recites that S. P. Sadler, a practicing attorney at law, who had been regularly employed by the local option party of Coryell County to prosecute, was before the grand jury during the investigation of the accusation against appellant in this case, and conducted the examination of witnesses before that body, relative to the charge herein which forms the basis of this prosecution. The county attorney as well as the district attorney were also in attendance upon the grand jury during the term, and were ready and willing to assist the grand jury in the investigation of any such matters that might come before them. It is contended that because of the presence of said Sadler during the examination of the witnesses rendered invalid the indictment herein. The court qualifies the bill by stating that Sadler and the county attorney were both before the grand jury during the examination of the witnesses, were not with the grand jury at the time they were deliberating upon the bill; and that Sadler did not advise the grand jury to indict defendant, nor did he advise them that the evidence would justify them in returning a bill; that he made no comments upon the evidence, but merely assisted the county attorney in the examination of the witnesses. We do not believe this renders the indictment invalid. Had he been present, while they were deliberating upon their action in finding the bill, we would have an entirely different proposition. But the mere fact that he examined the witnesses before the grand jury is not sufficient under our statute to authorize the setting aside of the indictment. Finding no error in the record, the judgment is affirmed.

*Affirmed.*

Brooks, Judge, absent.