## T. H. Moody v. The State.

### No. 66.   Decided October 20, 1909.

**1.—Sodomy—Grand Jury—Indictment.**

Where the agreed statement of facts, on appeal from a conviction of sodomy, negatived the idea that the State's counsel was present while the grand jury was voting upon the indictment, or that he was present while they were deliberating upon said matter, there was no merit in defendant's complaint that the court below should have quashed the indictment on the ground that the State's counsel was in the grand-jury room, and present when they were deliberating upon the accusation against the defendant, or was voting upon same.

**2.—Same—Burden of Proof.**

It is well settled that the burden rests upon defendant to bring himself within the terms of the statute, and show a violation of same, before an indictment will be set aside on the ground that the State's counsel was present while the grand jury were deliberating upon the question of finding the indictment. Following Sims v. State, 45 S. W. Rep., 705.

**3.—Same—Charge of Court—Penetration.**

Where, upon trial for sodomy, the court charged the jury that, if they had a reasonable doubt as to penetration, to acquit, there was no error in refusing a special charge upon this question.

**4.—Same—Sufficiency of the Evidence.**

Where, upon trial for sodomy, the conviction was sustained by the positive testimony of one witness, testimony of physicians with reference to the possibility or impossibility of the commission of the offense would not authorize a reversal.

**5.—Same—Appointment of Assistant District-Attorney.**

The question as to whether the Governor had a right to appoint an assistant district attorney under the Act of the Thirty-first Legislature, March 19, 1909, is not decided, as it was not involved in the case.

Appeal from the District Court of Bexar.    Tried below before the Hon. Edward Dwyer.

Appeal from a conviction of sodomy; penalty, five years imprisonment in the penitentiary.

The opinion states the case.    The defendant was charged with the offense of sodomy on a bitch dog, and the evidence sustained the charge.

*W. S. Anderson* and *Samuel Belden,* for appellant.—On question of State's attorneys' presence in grand jury room: Wisdom v. State, 42 Texas Crim. Rep., 579, 61 S. W. Rep., 927; Ex parte Love, 49 Texas Crim. Rep., 475, 93 S. W. Rep., 551, and cases cited in the opinion.

*F. J. McCord,* Assistant Attorney-General, and *C. M. Chambers,* Assistant District Attorney, for the State.—Cited Mason v. State, 81 S. W. Rep., 718, and cases cited in the opinion.

RAMSEY, JUDGE.—The appellant appeals from a conviction on a charge of sodomy had in the District Court of Bexar County, Texas, on May 13, 1909, his punishment being assessed at five years confinement in the penitentiary.

Before proceeding to trial, appellant, through his counsel, filed a motion to quash the indictment herein for the reason in substance that at the time such grand jury was hearing testimony given by witnesses in said cause against appellant, one C. M. Chambers, was present with said grand jury and examined the witnesses against appellant and advised with and counseled said grand jury in its secret deliberations; that said Chambers was not a member of the grand jury and was a person not authorized by law to be present with them at said time. The motion also questioned the validity of the appointment of Chambers as assistant district attorney, and averred that there was no provision for the election of such officer by the people, or for his appointment by the Governor. The motion is quite elaborate, but in the view we take of the case it has no relevancy to the only matter which can be considered. The court heard evidence on this motion and it appears from the agreed statement of facts, first, that Chambers had been appointed assistant

district attorney by the Governor on March 19, 1909, had given bond as required by law and that said appointment was made and said Chambers duly and legally qualified in accordance with the law enacted by the Thirty-first Legislature, and that by virtue of such appointment, *represented the State and examined the witnesses in the grand jury room and consulted with the grand jury regarding the case of T. H. Moody, but was not present at the time the grand jury voted on returning said bill.* Articles 414, 415 and 416 of the Code of Criminal Procedure are as follows:

"Art. 414. *Attorney Representing the State may go Before, Etc.* —The attorney representing the State may go before the grand jury at any time, except when they are discussing the propriety of finding a bill of indictment or voting upon the same."

"Art. 415. *Attorney may Examine Witnesses, Etc.*—The attorney representing the State may examine witnesses before the grand jury, and may advise as to the proper mode of interrogating them, if desired, or if he thinks it necessary."

"Art. 416. *Grand Jury may send for Attorney Representing the State, Etc.*—When any question arises before a grand jury respecting the proper discharge of their duties, or any matter of law about which they may require advice, it is their right to send for the attorney representing the State and take his advice thereon."

The law makes the following provision with respect to setting aside indictments for causes similar to the motion here. Art. 559, Code Crim. Procedure, is as follows: "A motion to set aside an indictment, or information, shall be based on one or more of the following causes, and no other:

1. That it appears by the records of the court that the indictment was not found by at least nine grand jurors, or that the information was not presented after oath made as required in article 467.

2. That some person not authorized by law was present when the grand jury were *deliberating* upon the *accusation* against the defendant, or were *voting* upon the same." The motion was made under the second clause of the above article of our Code of Criminal Procedure, and it is clear that if in the matters complained of in this section of the article was violated, the indictment must be set aside and this without reference to the legality of the appointment under which Chambers held the office. He would have no more right to be present in the grand jury room while the grand jury was deliberating upon the accusation against appellant, or were voting on same if the appointment were valid, than if it were not. The district attorney himself would have no such right, nor would the district judge have such right; nor, indeed, any other person in official or private life. This was thoroughly well settled in the case of Rothchild v. State, 7 Texas Crim. App., 519. In the later

case of Stuart v. State, 35 Texas Crim. Rep., 440, it was held that the testimony of the assistant county attorney that he was present in the grand jury room; "that he examined the witnesses for them and was present with them during their investigations and *delibera-tions on these cases,"* was sufficient proof to invalidate the indictment, although it was shown that he was not present when they voted on the same. In other words, that unexplained evidence of the presence of the assistant county attorney, their being no explanation of what was meant by "deliberations and investigations," must be held to have meant that he was present when the grand jury was discussing the propriety of finding a bill of indictment and while they were deliberating upon the accusation against the defendant. In this case, however, the agreed statement of facts negatives the idea that Chambers was present while the grand jury was voting upon the indictment, or that he was present while they were deliberating upon said matter. It is well settled in this State that the burden rests upon appellant to bring himself within the terms of the statute and to show a violation of same before and indictment will be set aside and the defendant discharged. Sims v. State, 45 S. W. Rep., 705. The fact that Chambers was present and examined the witnesses in the grand jury room and consulted with the grand jury regarding the case, is not equivalent to proof that he was present when the grand jury was deliberating upon the accusation against the appellant. It does not appear in the testimony to what the consultation related. It might easily have been meant to apply to some mere matter of examination of witnesses, procuring additional testimony, postponing the case or any one of a hundred of things that did not touch the deliberations of the grand jury as to the guilt or innocence of the appellant, or as to whether the evidence was sufficient to justify the return of an indictment. Charges, such as these, must be sustained by the evidence, and in no case should the deliberations of a grand jury be set aside unless on fair and convincing proof that the facts required to be shown by the law are in evidence. The agreement here does not meet the demands of the law and the court did not err in overruling the motion. It becomes unnecessary, therefore, as we believe, to either decide or discuss the matter of the regularity of Chambers' appointment, if indeed such question could be raised in this character of proceeding which we need not decide.

The other grounds relied on for reversal are, among other things, first, the refusal of the special charge asked by appellant with respect to penetration of the animal mistreated by appellant. The charge of the court sufficiently covers this question. It instructs the jury, in substance, that if they have a reasonable doubt as to penetration they would acquit.

The other matter of substance is that the evidence is insufficient

to support the verdict. The character of the charge is almost inconceivably shocking, and yet it was sustained by a witness who testified with the utmost positiveness to every fact essential to a conviction. This evidence was not shaken or disputed, substantially, except by the testimony of appellant himself. There was some testimony of the physician as to the possibility of the offense being committed under the conditions testified to by the witnesses, but we do not deem this so conclusive as to justify us in setting aside the verdict of the jury.

Finding no error in the judgment it is hereby in all things affirmed.

*Affirmed.*

Brooks, Judge, absent.