

# THE ATTORNEY GENERAL
## OF TEXAS
### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

May 17, 1962

Honorable Tom Todd
District Attorney
104th District
Abilene, Texas

Opinion No. WW-1334

Re: Whether the County Auditor
can approve for payment
a claim by a Court Reporter
for a transcript made of
Grand Jury proceedings
under the following facts.

Dear Sir:

In your recent letter you request our opinion on
whether the County Auditor can approve for payment a claim by
a Court Reporter for a transcript made of Grand Jury proceedings
under the following facts.

The relevant facts are that prior to employing the
reporter the County Judge and one Commissioner were contacted
and consented to such employment. Further such reporter began
his duties with the full knowledge of the balance of the mem-
bers of the Commissioners' Court. The District Attorney feels
that the expense was a necessary one in the conduct of his
office.

Article 3899, Section (b) states in part:

"(b) Each officer named in this Act /District
Attorneys being named in the Act/where he receives
a salary as compensation for his services, shall
be entitled and permitted to purchase or charge
to his county all reasonable expenses necessary
in the proper and legal conduct of his office,
premiums on officials' bonds, premiums on fire,
burglary, theft, robbery insurance protecting
public funds, and including the cost of surety
bonds for his deputies, provided that expenses
incurred for premiums on officials' bonds for the
county treasurer, county auditor, county road
commissioners, county school superintendent,
and the hide and animal inspector, including
the cost of surety bonds for any deputies of
any such officers, may be also included, and
such expenses to be passed on, predetermined
and allowed in the time and amount as nearly
as possible, by the Commissioners' Court once
each month for the ensuing month, upon the

> application by each officer, stating the kind,
> probable amount of expenditure and the necessity
> for the expenses of his office for such ensuing
> month, which application shall, before presen-
> tation to said court, first be endorsed by the
> county auditor, if any, otherwise the county
> treasurer, only as to whether funds are avail-
> able for payment of such expenses. . . ."

The District Attorney is therefore authorized to charge to
his county all reasonable expenses necessary in the proper
and legal conduct of his office.

This office has heretofore held that the District
Attorney was acting in the proper and legal conduct of his
office when he contracted for a transcript of an examining
trial, Attorney General Opinion (1949) V-976, a transcript
of a tape recording of a radio program, Attorney General
Opinion (1960) WW-874, and employment of a public accountant
to audit records for the grand jury when necessary for
criminal investigation, Attorney General Opinion (1961) WW-
1086.

It is the opinion of this office that the phrase
"all reasonable expenses necessary in the proper and legal
conduct of his office" is sufficiently broad in scope to
cover the expense of employing a court reporter by the District
Attorney to transcribe the testimony before a grand jury.
Certainly a diligent District Attorney would want to preserve
such testimony for his own use in the event of trial.

A further question concerns the prior approval by
the Commissioners' Court of such expenditure. You have stated
that the County Judge and one Commissioner gave their approval
and that the remaining Commissioners knew about the employment
when the reporter took on the duties. Whether this was suf-
ficient to be "passed on, predetermined, and allowed" is
doubtful. However, Attorney General's Opinions (1961) WW-
1086 and (1951) V-1149 hold that such expenses may be either
approved prior to the expenditure or subsequently ratified
by the Commissioners' Court. It is said in Attorney General
Opinion (1961) WW-1086:

> "The question of whether the prior endorse-
> ment of the County Auditor or County Treasurer,
> as the case may be, and the prior approval of
> the Commissioners Court is necessary before
> incurring such expense, under Article 3899,

Section (b) is discussed in <u>State v. Carnes</u>, 106 S.W.2d 397, 399 (Civ.App. 1937) and Attorney General's Opinion V-1149. This case concerns interpretation of said article concerning expenditures by the sheriff's department:

'While the entry by the commissioners' court of an order authorizing the appointment of deputies and fixing their compensation upon proper application by the officer in accordance with article 3902 is a condition precedent to his claiming credit as a matter of right, for salaries paid his deputies, this statutory provision was not intended as a limitation on the power of the commissioners' court, and any affirmative action of the court authorizing or approving the expenditure before or after it was incurred would bind the county and authorize the deduction. <u>The commissioners' court may ratify that which it might have authorized originally.</u> <u>Cameron County v. Fox</u>, 61 S.W. 2d 483.' " (Emphasis added)

Since you state that the Commissioners' Court is desirous of paying this bill, a subsequent ratification by them will be sufficient to authorize the payment of this expense.

The authority of a court reporter to be present before the proceedings of a grand jury was discussed by the Court of Criminal Appeals in <u>Mc.Gregor v. State,</u> 201 S.W. 184, 185 (1918):

"Construing these provisions of the statute, it has been held that amoung the persons authorized by law to be present with the grand jury were the state's attorney, his assistant and stenographer, witnesses and members of the grand jury disqualified in the particular inquiry under investigation. <u>Stuart v. State</u>, 35 Tex. Cr. R. 440, 34 S.W. 118; <u>Sims v. State</u>, 45 S.W. 705; <u>Wilson v. State</u>, 41 Tex. Cr. R. 115, 51 S.W. 916; <u>McElroy v. State,</u> 49 Tex. Cr. R. 604, 95 S.W. 539; <u>Moody v. State</u>, 57 Tex. Cr. R. 76, 121 S.W. 1117; <u>Haywood v. State</u>, 61 Tex. Cr. R. 92, 134 S.W. 218; <u>Porter v. State</u>, 72 Tex. Cr. R. 71, 160 S.W. 1194. None of these persons are authorized to be present while the grand jury is

deliberating upon the accusation, or voting on
it. This is held in all the cases mentioned."

No reason is perceived why, if the presence of the District
Attorney's stenographer in the grand jury room is author-
ized, the presence of a court reporter employed by the
District Attorney would not be. For the main purpose of
the presence of either would be to transcribe evidence to
aid the State's attorney in preparing for trial.

It is the opinion of this office that when the
said expense is subsequently ratified by the Commissioners'
Court, the County Auditor should approve for payment the
claim as a reasonable expense of the District Attorney in
the proper and legal conduct of his office.

### S U M M A R Y

The County Auditor can approve for
payment, a claim by a Court Reporter
for a transcript made of Grand Jury
proceedings when requested by the
district attorney if the Commissioners
Court either approved or subsequently
ratified said claim.

Very truly yours,

WILL WILSON
Attorney General of Texas

By: John H. Hofmann
Assistant

JHH:kkc:mkh

APPROVED:
OPINION COMMITTEE
W. V. Geppert, Chairman
Riley Eugene Fletcher
Elmer McVey
Linward Shivers
Joe Osborn

REVIEWED FOR THE ATTORNEY GENERAL
BY: Houghton Brownlee, Jr.