

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN 11, TEXAS

WAGGONER CARR
ATTORNEY GENERAL

September 8, 1965

Honorable Neal E. Birmingham
Criminal District Attorney
Cass County
Linden, Texas

Opinion No. C-500

Re: Does the presence of the
County Sheriff in the Grand
Jury Room during interrogation
of witnesses, but not during
deliberation, create any error
in the Grand Jury proceedings
that would invalidate the re-
turned indictments and related
question.

Dear Mr. Birmingham:

Your letter requesting the opinion of this office reads
in part as follows:

> "Does the presence of the County Sheriff
> in the Grand Jury Room during interrogation
> of witnesses, but not during deliberation,
> create any error in the Grand Jury proceed-
> ings that could invalidate the indictments
> returned?

> "We rarely use a Court Reporter or steno-
> grapher; however, would the presence of a
> Court Reporter or stenographer in the Grand
> Jury Room for the sole purpose of taking down
> the testimony of witnesses invalidate an in-
> dictment returned by the Grand Jury, assuming
> that she was present during interrogation only
> and not during the deliberation; and further
> assuming that she was sworn by the foreman in
> a manner similar to a witness and not by the
> Court as a bailiff?"

Article 374, Vernon's Annotated Code of Criminal Pro-
cedure, provides:

> "The deliberations of the grand jury shall
> be secret. Any grand juror or bailiff who
> divulges anything transpiring before them in
> the course of their official duties shall be
> liable to a fine as for contempt of the court,
> not exceeding one hundred dollars, and to im-
> prisonment not exceeding five days."

Article 20.02 of Senate Bill No. 107 establishing and adopting a new Code of Criminal Procedure for the State of Texas to become effective January 1, 1966, provides:

"Deliberations secret. The deliberations of the grand jury shall be secret. Any grand juror or bailiff who divulges anything transpiring before them in the course of their official duties shall be liable to a fine as for contempt of the court, not exceeding five hundred dollars, and to imprisonment not exceeding thirty days."

Where a statute is reenacted without any substantial change in its verbage, it is presumed that the Legislature intended it to be given the same construction as that previously given the original Act by the Courts. Cunningham v. Cunningham, 40 S.W.2d 46; Lane v. Ross, 249 S.W.2d 591.

The Court of Criminal Appeals in the case of Tinker v. State, 253 S.W. 531, considered the question of whether or not the presence of a sheriff in the grand jury room while a witness was being interrogated constituted grounds to quash the returned indictment. The Court therein held:

". . . It was shown and admitted that because of the timidity and youth of the alleged injured female she was accompanied into the grand jury room by the sheriff of the county in which she lived, who was present while she was being questioned. It was also shown without contradiction that no one was present with the grand jury when they were deliberating upon the question of the finding of the indictment herein. This court has held, in regard to the presence of persons acting in various capacities during the investigation of crime, that such presence, extending no further than while testimony was being had before the grand jury, would not come within the forbiddance of such presence while the said grand jury was deliberating upon the finding of the indictment. McElroy v. State, 49 Tex.Cr.R. 604, 95 S.W. 539; Moody v. State, 57 Tex.Cr.R. 76, 121 S.W. 1117; Porter v. State, 72 Tex.Cr.R. 71, 160 S.W. 1194. See other cases cited in Branch's Ann. P.C. 8 486. . . ."

The presence of a stenographer or a court reporter for the purpose of taking testimony for the prosecuting officer or the grand jury is recognized as proper and is not a sufficient ground for setting aside an indictment, without some showing of prejudice to the accused. To this effect see: Sims v. State, 45 S.W. 705; Porter v. State, 160 S.W. 1194; Tinker v. State, 253 S.W. 531.

It is, therefore, the opinion of this office that the presence of the County Sheriff, Court Reporter, or stenographer, while the grand jury is interrogating witnesses in the grand jury room will not invalidate an indictment so as to be a ground for quashing the returned indictment, unless said persons are proven present when the grand jury is actually deliberating upon the indictment.

In your letter of request you have informed us that these questions are not involved in any pending prosecutions. Therefore you are advised that our opinion, as expressed herein, is specifically intended to apply to future investigations before the grand jury and in no way applies to prosecutions which may be presently pending before the courts.

## SUMMARY

The presence of the County Sheriff, Court Reporter or stenographer in the Grand Jury Room during interrogation of witnesses, but not during deliberation does not create any error in the Grand Jury proceedings that would invalidate the returned indictments.

Very truly yours,

WAGGONER CARR
Attorney General of Texas

By: _Douglas H. Chilton_
DOUGLAS H. CHILTON
Assistant Attorney General

DHC/sss/br

Honorable Neal E. Birmingham, page 4 (C-500)

APPROVED:

OPINION COMMITTEE

W. O. SHULTZ, Chairman
Dean Arrington
Ralph Rash
Roger Tyler
Sam Kelley

APPROVED FOR THE ATTORNEY GENERAL
BY: T. B. Wright