**Ricky D. RAY, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 51567.**

Court of Criminal Appeals of Texas.

Oct. 5, 1977.

Frank Coffey and Ward Casey, Fort Worth, for appellant.

Tim C. Curry, Dist. Atty., and Marvin Collins, Asst. Dist. Atty., Fort Worth, Jim D. Vollers, State's Atty., David S. McAngus, Asst. State's Atty., Austin, for the State.

OPINION

ROBERTS, Judge.

This is an appeal from a conviction for murder. After finding appellant guilty, the jury assessed punishment at thirty years.

The record reflects that on September 9, 1974, Frank Stone and a fifteen-year-old

female schoolmate went to the appellant's apartment. The apartment door flew open when they knocked, and they went in. Shortly thereafter, the appellant arrived at the apartment, left briefly, and then re-entered the apartment.

After talking with the appellant in an adjoining bedroom, Stone and his companion went into the living room of the apartment and lay on a mattress on the floor. In a few moments the appellant walked into the living room, stabbed Stone in the back, and began choking him. The appellant then took the young woman into the bedroom and forcibly raped her. Stone died as a result of the stab wound.

Appellant's sole ground of error is that the trial court erred in failing to hold a hearing on his motion to quash the indictment. Appellant's motion, timely filed, alleged that unauthorized persons representing the State were present with the grand jury during its deliberations, in violation of Arts. 20.02, 20.03, 27.03, Vernon's Ann.C. C.P.[1] In accord with Art. 27.04, V.A.C. C.P.,[2] and the holding in *Rothschild v. State*, 7 Tex.App. 519 (1880), appellant requested a hearing on his motion. The trial court denied this request.

■ After this case was submitted to this Court we determined that the motion should have been granted but that a hearing could yet be had on appellant's motion. Accordingly, we held the appeal in abeyance to allow the trial court to hold such a hearing. The hearing has now been held, and the record of that hearing is before us. The appeal is reinstated.

■ Appellant has alleged no additional grounds of error since the hearing, nor has he complained of any of the rulings made by the trial court at that hearing. More important, by ordering that the hearing be held, this Court has provided appellant with the specific relief urged by his single ground of error. However, we construe appellant's contention broadly as a complaint that unauthorized persons representing the State were present during the deliberations of the grand jury. We shall review this contention in the light of the record made at the hearing on appellant's motion. See *Rothschild v. State*, supra; *Minton v. State*, 468 S.W.2d 426 (Tex.Cr. App.1971). We conclude that appellant's contention should be overruled. We affirm.

■ It is well settled that when the evidence shows that unauthorized persons were present during the deliberations of the grand jury the indictment must be invalidated and a new trial ordered. Arts. 20.02, 20.03, 27.03, supra; *Rothschild v. State*, supra; *Stuart v. State*, 35 Tex.Cr.R. 440, 34 S.W. 118 (1896). However, "the burden rests upon appellant to bring himself within the statute, and to show a violation of same, before an indictment will be set aside and the defendant discharged." *Moody v. State*, 57 Tex.Cr.R. 76, 79, 121 S.W. 1117, 1118 (1909).

At the hearing on the motion to quash the indictment, the appellant called three witnesses: the clerk of the grand jury; appellant's trial counsel; and the attorney

---

1. Art. 20.02 provides in part as follows:
   "The deliberations of the grand jury shall be secret. . . . ."
   Art. 20.03 provides:
   " 'The attorney representing the State' means the Attorney General, district attorney, criminal district attorney, or county attorney. The attorney representing the State, is entitled to go before the grand jury and inform them of offenses liable to indictment at any time except when they are discussing the propriety of finding an indictment or voting upon the same."
   Art. 27.03 provides in part as follows:
   "In addition to any other grounds authorized by law, a motion to set aside an indictment or information may be based on the following:

   "2. That some person not authorized by law was present when the grand jury was deliberating upon the accusation against the defendant, or was voting upon the same;
   * * *."
   However, Art. 20.05, V.A.C.C.P., provides:
   "The grand jury may send for the State's attorney and ask his advice upon any matter of law or upon any question arising respecting the proper discharge of their duties."

2. Art. 27.04 provides:
   "An issue of fact arising upon a motion to set aside an indictment or information shall be tried by the judge without a jury."

who was, at the time of appellant's indictment, chief prosecutor before the grand jury. The State called as its only witness the foreman of this particular grand jury.

At no time did any of these witnesses testify that any unauthorized person sat with the grand jury during the time it deliberated or voted on the indictments before it. In fact, the chief prosecutor testified unequivocally that no witness or prosecutor was ever present during the voting or deliberations of the grand jury which indicted this appellant. Similarly, the foreman stated that only the grand jurors stayed in the jury room during the grand jury's deliberations.

■ It follows that the appellant has failed to meet his burden of showing that the sanctity of the grand jury was violated. *Moody v. State*, supra. Accordingly, appellant's contention is overruled.

The judgment is affirmed.