**Ex parte Leobardo P. GONZALES, Applicant.**

**No. 71023.**

Court of Criminal Appeals of Texas,
En Banc.

June 6, 1990.

Leobardo P. Gonzales, pro se.

Robert Huttash, State's Atty., Austin, for the State.

## OPINION

PER CURIAM.

This is a pro se postconviction writ of habeas corpus proceeding brought pursuant to Article 11.07, V.A.C.C.P.

Applicant pled guilty and was convicted on April 7, 1987, in cause number 2138, of the offense of attempted murder, a second degree felony. See V.T.C.A. Penal Code, §§ 19.02(b) and 15.01(d). After pleading "true" to two enhancement paragraphs, his punishment was assessed at 38 years con-

finement in the Texas Department of Corrections. V.T.C.A. Penal Code, §§ 12.42(d). Applicant took no appeal.

Applicant now alleges his counsel was ineffective in advising him to plead true to the enhancement paragraphs. He alleges that diligent investigation would have revealed that his prior convictions were not available for enhancement. Had counsel discovered and attacked the prior convictions, applicant contends, he would have been susceptible to no more than a twenty year maximum sentence. V.T.C.A. Penal Code, § 12.33(a). Under those circumstances he would not have pled guilty, but would have insisted upon standing trial. See *Hill v. Lockhart,* 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985); *Ex parte Pool,* 738 S.W.2d 285 (Tex.Cr.App.1987). We will deny relief.

The indictment in cause number 2138 alleges two prior felony convictions for enhancement. The first in time is a 1957 conviction, in cause number 7983, for the offense of assault with intent to commit murder. The second conviction, for murder, occurred in 1976, in cause number C–435. Both convictions were in the 139th Judicial District Court in Hidalgo County. In a single enhancement paragraph the indictment in cause number C–435 alleged the earlier conviction in cause number 7983. The judgment in cause number C–435 reflects applicant was indeed assessed punishment in that cause as a repeat offender pursuant to the enhancement allegation.

On July 13, 1988, in an unpublished opinion, this Court set aside an order revoking applicant's probation in cause number 7983, the 1957 conviction, upon the State's concession "that applicant was not afforded the assistance of counsel at the said probation revocation hearing." Applicant now claims that had counsel in the present cause number 2138 properly investigated, he would have ascertained that the conviction in cause number 7983 was invalid. Further, because the conviction in cause number 7983 was used to enhance his punishment in cause number C–435, he contends, that conviction was invalid as well.

Because neither enhancement paragraph was available to enhance his punishment, applicant continues, he could not be punished under either § 12.42(d), or §§ 12.42(b) and 12.32(a), supra. He could only have been exposed to punishment as a bare second degree felon, carrying a twenty year maximum punishment. § 12.33(a), supra. In that event, applicant maintains, rather than pleading guilty, he would have proceeded to trial.

We must reject applicant's contention, however. Even had counsel in present cause number 2138 investigated and found that applicant's 1957 conviction in cause number 7983 was infirm, under our caselaw he would not have been empowered to collaterally attack the 1976 conviction in cause number C–435 on that basis unless he could show counsel at trial in cause number C–435 objected to use of the conviction in cause number 7983 to enhance. *Ex parte Cashman*, 671 S.W.2d 510 (Tex. Cr.App.1983) (Opinion on State's motion for rehearing); *Hill v. State*, 633 S.W.2d 520 (Tex.Cr.App.1982) (Opinion on State's motion for rehearing). Applicant does not now allege such a showing can be made. In fact, judgment in cause number C–435 indicates applicant pled guilty in that cause. This would tend to indicate counsel in cause number C–435 did *not* object to use of the conviction in cause number 7983 for enhancement of punishment in cause number C–435. It is thus unlikely counsel in present cause number 2138 could have prevented use of cause number C–435 for enhancement even had he been aware of the invalidity of the conviction in cause number 7983. Applicant would still have been punishable as a repeat offender in present cause number 2138. As such, he would have faced a maximum penalty of 99 years in the penitentiary. §§ 12.42(b) and 12.32(a), supra.

Applicant's claim he would not have pled guilty is contingent upon the premise that properly informed counsel would have advised him he could only receive a maximum sentence of twenty years. That premise is untenable. Had he known of the invalidity of the 1957 conviction, counsel in cause number 2138 would still have been correct to advise applicant he faced a 99 year maximum punishment.

In short, applicant has not pled facts which, if true, would entitle him to relief.

Accordingly, the relief prayed for is denied.

TEAGUE, Judge, concurring.

The majority opinion concludes: "[A]pplicant has not pled facts which, if true, would entitle him to relief." Notwithstanding that I have construed applicant's application for the writ of habeas corpus in the most liberal of fashions, but given the present state of the record, I am compelled to agree with the majority opinion's conclusion that applicant has not plead sufficient facts which entitle him to relief.*

The record before us reflects that on April 7, 1987, pursuant to a plea bargain agreement, Leobardo P. Gonzales, henceforth applicant, agreed to plead guilty, and he did plead guilty, to committing on November 28, 1986, the offense of attempted murder. The second part of the plea bargain agreement was that applicant agreed to plead "true", and he did plead "true", to each of the two alleged enhancement allegations; a 1976 conviction for committing

* Applicant alleges in this writ application that he is entitled to relief because, "Had Applicant known or been advised by counsel that the prior convictions were void, he would have rejected the State's plea offer of 38 years and proceeded to trial knowing the maximum punishment could not exceed 20 years." Given the facts of the case, applicant is terribly mistaken over what the maximum possible punishment was. It appears to me that in order for applicant to obtain relief, under what I discern is the real theory that he is trying to invoke, it will be necessary for him to replead and prove that he would not have pled guilty to the alleged primary offense, and would not have pled true to the 1976 enhancement conviction, had he known that the range of punishment was not less than 5 years nor more than 99 years' confinement in the penitentiary. For purposes of argument, I assume that when the trial judge admonished applicant as to the range of punishment, she admonished applicant, inter alia, that the range of punishment, for purposes of confinement, was not less than 25 years' nor more than 99 years' confinement in the penitentiary.

the offense of murder and a 1957 conviction for committing the offense of aggravated assault with intent to commit the offense of murder. The third and final part of the plea bargain agreement was that applicant's punishment would be assessed by the trial judge at thirty-eight (38) years' confinement in the penitentiary, which is what the trial judge assessed.

Thereafter, and pursuant to Art. 11.07, V.A.C.C.P., applicant mounted a collateral attack on the above 1957 conviction. On July 13, 1988, this Court granted him relief and set aside the 1957 conviction.

Subsequent thereto, but also pursuant to Art. 11.07, supra, applicant, having been partially victorious, filed the present application for the writ of habeas corpus in the trial court, asserting therein that his 1987 conviction and sentence of 38 years were invalid because his trial attorney was ineffective for failure to properly investigate the 1957 conviction that had been used to enhance his punishment in the 1987 conviction, which 1957 conviction this Court had previously ordered set aside, which occurred after applicant was convicted and sentenced to the 38 years. Applicant essentially contends in this writ application that had counsel properly investigated the validity of the 1957 conviction before applicant pled guilty to the primary offense and true to each of the enhancement allegations, he would have learned, as this Court so held in 1988, that it was invalid because applicant did not have counsel in 1957 when his probation was revoked by the trial judge. Applicant obviously, but erroneously, believes that once the 1957 conviction is removed from his present conviction, this will cause the range of his punishment to be not less than 2 years nor more than 20 years, with the possibility that a fine might also be imposed. Applicant's reasoning is obviously faulty. I pause to point out that applicant does not allege any facts that would warrant this Court setting aside the 1976 conviction. Thus, applicant is mistaken when he asserts that both of the alleged prior convictions are void, i.e., that under any circumstances the range of punishment, as to confinement, would have been not less than 2 years nor more than 20

years' confinement in the penitentiary. However, the 1976 conviction has not yet been set aside, and, as noted, applicant does not in this application challenge the validity of that conviction. Therefore, the correct range of punishment, as to confinement, was not less than 5 years nor more than 99 years' confinement in the penitentiary, rather than not less than 25 years nor more than 99 years' confinement in the penitentiary.

The record is clear that under this Court's decision of *Ex parte Scott*, 581 S.W.2d 181 (Tex.Cr.App.1979), applicant's attorney did not properly investigate the 1957 conviction prior to the time that applicant pled guilty and true in 1987.

For the above reasons, applicant may be entitled to relief, but not under the facts that he has pled in this cause. Therefore, I concur.

MILLER, J., joins the opinion,