**Ex parte Mujahid Rashad AKHTAB.**

No. 71927.

Court of Criminal Appeals of Texas, En Banc.

June 21, 1995.

Rashid Mujahid Akhtab, pro se.

Robert Huttash, State's Atty., Austin, for State.

## OPINION

MEYERS, Judge.

Applicant was convicted of murder and three counts of aggravated robbery. Punishment was assessed in each cause at forty-eight years confinement. These convictions were affirmed by unpublished opinion in, *Akhtab v. State,* Nos. 05–92–108–CR, 05–92–109–CR, 05–92–110–CR, and 05–92–116–CR (Tex.App.—Dallas, delivered April 5, 1993, no pet.). Applicant filed this post-conviction application for writ of habeas corpus pursuant to Article 11.07, Tex.Code Crim.Pro. We filed and set the application to determine whether applicant's counsel rendered ineffective assistance.

Applicant complains that the trial court failed to admonish him in accordance with Tex.Code Crim.Pro. Article 26.13(a)(4),[1] and that his attorney did not object to the trial court's omission. Applicant argues that by not objecting, counsel failed to render effective assistance, and that his conviction is therefore invalid.[2] Applicant previously raised this ground on appeal, at which time the Court of Appeals found that applicant did not receive the statutory admonishments of Art. 26.13(a)(4). However, because the appellate record was silent as to whether applicant was a United States citizen and whether he was subject to deportation, the Court of Appeals concluded that there was no showing applicant suffered harm from the failure to receive the admonishment, and therefore no reversible error occurred.[3]

1. Article 26.13 governs the admonishments given a defendant before entering a plea of guilty and provides in pertinent part:

   (a) Prior to accepting a plea of guilty or a plea of nolo contendere, the court shall admonish the defendant of:

   . . . .

   (4) the fact that if the defendant is not a citizen of the United States of America, a plea of guilty or nolo contendere for the offense charged may result in deportation, the exclusion from admission to this country, or the denial of naturalization under federal law.

2. Applicant also complains that counsel:

   1. failed to object to the court's failure to orally pronounce guilt before hearing punishment evidence;

   2. failed to object to erroneous recitations in the judgment that applicant made stipulations and waivers; and,

   3. failed to object to the admission of testimony at the punishment phase of applicant's trial.

   Each of the above grounds was raised by applicant and considered by the Court of Appeals on appeal. The appellate court determined there was no error requiring reversal. Applicant has not presented grounds requiring reconsideration of these issues.

3. The Court of Appeals' decision was decided before this Court's opinion in *Morales v. State,* 872 S.W.2d 753 (Tex.Crim.App.1994) was announced. In *Morales,* we held that a conviction must be reversed on direct appeal when the appellate record reflects that there was no admonishment as required by Art. 26.13(a)(4) before the defendant's guilty plea was accepted, and there is no requirement that the defendant show harm.

■ Applicant was entitled to reasonably effective assistance of counsel. *Hernandez v. State*, 726 S.W.2d 53 (Tex.Crim.App. 1986); *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). To prevail on a claim of ineffective assistance, applicant must show that counsel's performance was deficient, and that counsel's errors were so serious as to deprive applicant of a fair trial and render the result of the trial unreliable. *Ex Parte Davis*, 866 S.W.2d 234, 239 (Tex.Crim.App.1993) *citing Strickland, supra.* To determine whether applicant's trial attorney was ineffective, trial counsel's performance will be judged under the law which existed at the time of trial. *Ex Parte Butler*, 884 S.W.2d 782, 783–784 (Tex.Crim.App.1994) *(citing Strickland* and *Lockhart v. Fretwell*, 506 U.S. ——, 113 S.Ct. 838, 122 L.Ed.2d 180 (1993)). At the time of applicant's trial this Court had not yet ruled upon the effect of failing to admonish in accordance with Art. 26.13(a)(4), *see* footnote 3 *supra*, and counsel's failure to object thereto did not constitute deficient performance.

■ Assuming arguendo, that reasonably effective trial counsel would have recognized this as error and objected at trial, applicant must still establish that he was prejudiced by counsel's failure to object, for an error, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment. *Randle v. State*, 847 S.W.2d 576, 580 (Tex.Crim.App.1993). Applicant must show that there is a reasonable probability that, but for counsel's errors the result of the proceeding would have been different, i.e., that he would not have pleaded guilty and would have insisted upon going to trial. *Id; Hill v. Lockhart*, 474 U.S. 52, 59, 106 S.Ct. 366, 370–71, 88 L.Ed.2d 203 (1985). While applicant has shown he did not receive the statutory admonishment of Art. 26.13(a)(4), and that counsel failed to object, he has failed to show that he was prejudiced by counsel's failure to object.

If applicant's counsel had objected, but was overruled by the trial judge and he refused to give the admonishment, error would be preserved for appellate review. Here, the Court of Appeals did consider the merits of applicant's claim on appeal despite the failure of counsel to object, and decided the matter adversely to applicant, finding no reversible error.

Because applicant does not allege or prove facts which, if true, would entitle him to relief, all requested relief is denied.

BAIRD, J., concurs in the result with the understanding that applicant is not precluded from filing a subsequent writ, alleging ineffective assistance of counsel on appeal under *Ex parte Jarrett*, 891 S.W.2d 935 (Tex.Cr.App.1994), for not seeking our review of the Court of Appeals opinion in light of *Morales v. State*, 872 S.W.2d 753 (Tex.Cr.App.1994).

OVERSTREET, J., concurs in the result.

CLINTON, Judge, concurring.

In his application for writ of habeas corpus brought pursuant to Article 11.07, V.A.C.C.P., applicant alleges ineffective assistance of counsel in that his lawyer at his guilty plea proceeding:

"fail[ed] to object to trial court's failure to fully admonish applicant under Article 26.13 and more specifically failure to admonish as to Article 26.13(a)(4) of the Tex. Code Crim.Pro. in which his failure to object failed to preserve error for review on direct appeal."

Application, at 2. The short, and wholly dispositive, answer to this claim is that despite counsel's alleged failure to object to the trial court's failure to admonish his client under the terms of Article 26.13, V.A.C.C.P., the court of appeals treated the merits of his claim on direct appeal. Therefore, applicant has not suffered the only prejudice he claims resulted from the alleged ineffectiveness of his counsel. That the court of appeals may have incorrectly disposed of applicant's claim on the merits, see *Morales v. State*, 872 S.W.2d 753 (Tex.Cr.App.1994), is not a part of his claim today. As Judge Baird points out in his concurring note, our resolution of this matter does not preclude a later claim of ineffectiveness of appellate counsel for failure to pursue applicant's Article 26.13 claim further along in the appellate process. (This should not be construed, of course, as a

comment on how that claim might ultimately be resolved.)

In any event, applicant should not prevail because he does not allege that, but for his counsel's failure to object to the absence of an Article 26.13(a)(4) admonishment, he would not have persisted in his plea of guilty, but would have proceeded to trial instead. See *Hill v. Lockhart,* 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985); *Ex parte Gonzales,* 790 S.W.2d 646 (Tex.Cr.App.1990); *Ex parte Pool,* 738 S.W.2d 285 (Tex.Cr.App. 1987). It is true that in *Morales v. State* we held that a complete failure to admonish a defendant pleading guilty as required by Article 26.13(a)(4) is reversible error, whether the defendant demonstrates harm therefrom or not. But the fact that error is not susceptible to a harm analysis is no sure indicator that failure to preserve that error will not be subject to the prejudice prong of the constitutional test for ineffective assistance of counsel under *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). See *Batiste v. State,* 888 S.W.2d 9 (Tex.Cr.App.1994) (failure to preserve a "structural defect," not subject to constitutional harm analysis, does not necessarily mean claim of ineffective assistance of counsel based on that failure will be determined without reference to prejudice prong of *Strickland*).

The likelihood that the general run of defendants pleading guilty would not have done so had they been properly admonished in accordance with Article 26.13(a)(4) is not great. There is no justification, therefore, for exempting applicant from the obligation of alleging and proving that he himself would not have pled guilty had he been properly admonished. *Batiste,* supra, at 15. Because he does not, applicant is not entitled to the relief he seeks.

With these observations I join the judgment of the Court.

MALONEY, J., joins.