BEAVERS V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-05-448-CR

BERNERD BEAVERS APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 97TH DISTRICT COURT OF MONTAGUE COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

I. Introduction

Appellant Bernerd Beavers appeals his four convictions and sentences for two counts of indecency with a child and two counts of aggravated sexual assault of a child.  In seven issues, appellant contends generally that his trial counsel was ineffective, that the trial court abused its discretion by denying his motion in arrest of judgment and motion to recuse, that the trial court abused its discretion by denying him an evidentiary hearing on his motion for new trial, and that the trial court improperly admonished him regarding the range of punishment.  We affirm.

II. Factual and Procedural History

On August 29, 2005, appellant entered an open plea of guilty to two counts of indecency with a child and two counts of aggravated sexual assault of a child for touching his twelve-year-old granddaughter’s genitals with his hands and mouth on multiple occasions.  The victim is the daughter of appellant’s son Skipper.  On September 1, 2005, the trial court sentenced appellant to two ninety-nine-year sentences for the aggravated sexual assault counts and two twenty-year sentences for the indecency counts and fined him $2,500 for each of the four counts.

On September 26, 2005, appellant filed a motion to substitute new counsel, which the trial court granted.  Appellant’s new counsel subsequently filed a motion for new trial on September 29, 2005, alleging that appellant’s trial counsels
(footnote: 2) were ineffective, that the indictment was improper, and that the trial court should have disqualified one or more jurors.
(footnote: 3)  Appellant also filed a motion to recuse the presiding judge, Roger Towery, and a motion in arrest of judgment based upon elected District Attorney Tim Cole’s alleged disqualification from office that appellant argued should exclude him from participating in post-trial proceedings.

Judge Jerry Woodlock presided over the Towery recusal hearing on October 28, 2005 and denied appellant’s motion.  During a subsequent hearing on November 11, 2005, Judge Towery found that he did not have jurisdiction to consider appellant’s motion in arrest of judgment; therefore, he did not remove District Attorney Cole from participating in the case.  Judge Towery also stated that the record sufficiently rebutted appellant’s ineffective assistance of counsel claim.  Accordingly, the judge denied appellant’s request for an evidentiary hearing on his motion for new trial based upon this claim.

III.  Appellant’s Ineffective Assistance Of Counsel Claim

In his first issue, appellant complains that his defense attorneys were ineffective during the punishment phase of trial.  Although appellant’s brief lists twelve instances in which his counsel was allegedly ineffective, for ease of discussion, we have combined them into four categories: (1) trial counsels’ strategy; (2) trial counsels’ failure to object to an improper indictment; (3) trial counsels’ failure to challenge veniremen; and (4) trial counsels’ failure to interview the State’s witnesses.

A.  Standard Of Review

To establish an ineffective assistance of counsel claim, appellant must show by a preponderance of the evidence that his counsel’s representation fell below the standard of prevailing professional norms and that there is a reasonable probability that, but for counsel’s deficiency, the result of the trial would have been different.  
Strickland v. Washington
, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984); 
Salinas v. State
, 163 S.W.3d 734, 740 (Tex. Crim. App. 2005); 
Mallett v. State
, 65 S.W.3d 59, 62-63 (Tex. Crim. App. 2001); 
Thompson
 
v. State
, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999).

In evaluating the effectiveness of counsel under the first prong, we look to the totality of the representation and the particular circumstances of each case.  
Thompson
, 9 S.W.3d at 813.  The issue is whether counsel’s assistance was reasonable under all the circumstances and prevailing professional norms at the time of the alleged error.  
See Strickland
, 466 U.S. at 688-89, 104 S. Ct. at 2065.  Review of counsel’s representation is highly deferential, and the reviewing court indulges a strong presumption that trial counsel’s conduct fell within a wide range of reasonable representation.  
Salinas
, 163 S.W.3d at 740; 
Mallett
, 65 S.W.3d at 63.  A reviewing court will rarely be in a position on direct appeal to fairly evaluate the merits of an ineffective assistance claim.  
Thompson
, 9 S.W.3d at 813-14.  “In the majority of cases, the record on direct appeal is undeveloped and cannot adequately reflect the motives behind trial counsel’s actions.”  
Salinas
, 163 S.W.3d at 740 (quoting 
Mallett
, 65 S.W.3d at 63).  To overcome the presumption of reasonable professional assistance, “any allegation of ineffectiveness must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness.”  
Id.
  (quoting 
Thompson
, 9 S.W.3d at 813).

Under the second prong of 
Strickland, 
an appellant must show that counsel’s errors were so serious that they deprived him of a fair trial.  
Strickland, 
466 U.S. at 687, 104 S. Ct. at 2064.  In other words, appellant must show there is a reasonable probability that, but for counsel’s unprofessional errors, the result of the proceeding would have been different.  
Id.
 at 694, 104 S. Ct. at 2068.  A reasonable probability is a probability sufficient to undermine confidence in the outcome.  
Id.
  The ultimate focus of our inquiry must be on the fundamental fairness of the proceeding whose result is being challenged.  
Id.
 at 697, 104 S. Ct. at 2070.

B.  Analysis

1.  Trial Counsels’ Strategy

The majority of appellant’s claims regarding ineffective assistance of counsel focus on his trial counsels’ strategy.  We apply a strong presumption that trial counsel was competent.  
See Thompson
, 9 S.W.3d at 813.  On appeal, we presume that trial counsels’ actions and decisions were reasonably professional and motivated by sound trial strategy.  
See Jackson v. State
, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994); 
Matthews v. State
, 152 S.W.3d 723, 732 (Tex. App.སྭTyler 2004, no pet.).  Appellant has the burden of rebutting this presumption by presenting evidence illustrating why his attorneys did what they did.  
Matthews
, 152 S.W.3d at 732. 

Appellant first asserts that his trial attorneys were ineffective by failing to conduct an independent investigation of the facts after noticing that appellant was confused about the dates of the offenses.  Appellant argues that his trial attorneys were aware that he had no recollection of anything happening on the dates in the indictment; therefore, his trial attorneys owed him a duty to investigate this allegedly incorrect information. 

Contrary to appellant’s contentions, however, an indictment is still effective even if the offense dates are not specifically alleged.  
See 
Tex. Code Crim. Proc. Ann.
 art. 21.02(6) (Vernon 1989).  The State may prove an offense “with a date other than the one specifically alleged so long as the date is anterior to the presentment of the indictment and within the statutory limitation period and the offense relied upon otherwise meets the description of the offense contained in the indictment.”  
Yzaguirre v. State
, 957 S.W.2d 38, 39 (Tex. Crim. App. 1997).  Here, because the offenses appellant was charged with in the indictment occurred at dates anterior to the indictment’s presentment date, the indictment was valid.
 See id.

Further, even if the indictment dates were incorrect, the indictment was still fundamentally valid because appellant had notice of what he was being charged with.  
See 
Tex. Const.
 art. V, § 12(b).  The constitutional requisites for an indictment established by article V, section 12(b) of the Texas Constitution are satisfied by a written instrument accusing a person of the commission of a criminal offense with enough clarity and specificity to identify the penal statute under which the State intends to prosecute, even if the instrument is otherwise defective.  
Id.; Duron v. State
, 956 S.W.2d 547, 549 (Tex. Crim. App. 1997); 
Cook v. State
, 902 S.W.2d 471, 479-80 (Tex. Crim. App. 1995).  Indictments are sufficient if they charge the commission of an offense and enable a person of common understanding to know what is meant and with that degree of certainty that will give the defendant notice of the particular offense with which he is charged.  
Tex. Code Crim. Proc. Ann.
 art. 21.11.

Here, the indictment clearly shows that the State accused appellant of one count of aggravated sexual assault and one count of indecency with a child on May 6, 2001 and identical charges on May 6, 2002.  
See
 
Tex. Penal Code Ann.
 § 21.11(a) (Vernon 2003), § 22.021(a)(1)(A)(iii) (Vernon Supp. 2006).  Therefore, even if the offense dates in the indictment were incorrect, as appellant contends here, that defect was not so fundamental as to render the indictment invalid.  
See State v. Mays
, 967 S.W.2d 404, 406 (Tex. Crim. App. 1998) (holding that subject to rare exceptions, an indictment tracking the language of a statute will satisfy constitutional and statutory requirements). 

Regardless, appellant clearly had notice of the offenses for which he was charged.  Numerous witnesses testified that appellant admitted to touching his granddaughter’s genitals at least twice and placing his mouth on her genitals at least twice.  Further, appellant himself admitted to the acts.  Therefore, because the record clearly shows that appellant knew of the charges, his trial attorneys did not render unreasonable representation by failing to conduct an investigation.  Thus, appellant’s claim does not pass the first prong of the 
Strickland 
test.
  See Strickland
, 466 U.S. at 687, 104 S. Ct. at 2064.  

Second, appellant argues that counsel erred by failing to call or subpoena appellant’s son, Skipper, to testify.  Appellant asserts that Skipper would have been a beneficial witness because he and Skipper had been in business together and had a good relationship until the State brought charges against appellant based on Skipper’s daughter’s allegations.

Here, counsels’ failure to call Skipper is consistent with sound trial strategy.  For example, counsel could have chosen not to call Skipper after Skipper’s wife and mother both testified that Skipper and appellant had been in heated arguments and had cut most business and personal ties since appellant’s arrest.  As a result, appellant cannot overcome the strong presumption that trial counsel performed effectively.  
See Matthews
, 152 S.W.3d at 732. 

Appellant’s third through sixth arguments under this issue also fail to show that his trial attorneys were not motivated by sound trial strategy.
(footnote: 4)  Counsels’ trial theme, which was evident in their opening and closing statements and throughout all of their questioning of the witnesses, was that appellant knew what he did was wrong and sought forgiveness and a light sentence.  Trial counsels’ actions in each of these areas is consistent with such a strategy.  As a result, appellant cannot overcome the strong presumption that his trial attorneys performed effectively.  
See id.
  

2.  Trial Counsels’ Failure to Object to an Improper Indictment

In his seventh argument supporting his ineffective assistance of counsel claim, appellant asserts that his trial attorneys failed to object to the offense dates alleged in the indictment because they inflamed the jury by leading the jury to believe that the offenses occurred on the victim’s birthday in two consecutive years.  However, no evidence in the record shows that the offenses occurred on dates other than those in the indictment or that the dates were ever in dispute.  On the contrary, after the prosecutor read each count in the indictment, appellant pled guilty.  Further, during admonishments, when the trial court asked appellant if the charges in the indictment were clear (including the dates), appellant said he understood them.

Because the record clearly shows that appellant knew of and understood the charges and admitted to them by pleading guilty, appellant cannot prove that his attorneys were ineffective on this ground.  Therefore, this claim does not meet the first prong of the 
Strickland 
test.
  See Strickland
, 466 U.S. at 687, 104 S. Ct. at 2064.  

3.  Trial Counsels’ Failure to Challenge Venireman

In his ninth argument supporting his ineffective assistance of counsel claim, appellant asserts that his trial attorneys failed to challenge a venireman for cause after the venireman expressed bias or prejudice.  Appellant asserts that Juror Randall Ritchie “clearly admitted that a niece of his had been molested, that [the case] was being prosecuted in Montague County by the District Attorney, and that he was ‘already pretty inflamed’ and that it ‘might skew his judgment.’”  Appellant asserts that Juror Ritchie “admitted that he could not set that experience aside,” and trial counsels’ failure to strike him for bias or prejudice was error.

The record, however, does not support appellant’s contention that Juror Ritchie was unequivocally biased or prejudiced as evidenced by the following exchange:

[DEFENSE COUNSEL]:  So you would have some reason to either favor the State or at least that might affect - -

JUROR RITCHIE:  I don’t know which way it would affect me.

[DEFENSE COUNSEL]:  But [your great niece’s pending case] would affect you?

JUROR RITCHIE:  Like I say, I don’t know.  The emotions run real high on both sides of the family, and I don’t know how much of it has spilled over on me.  But I don’t know that it wouldn’t be a factor.  I feel like I could be objective, but - -

[DEFENSE COUNSEL]:  But you really can’t say that you could?

JUROR RITCHIE:  - - I really can’t say.

  

Either side may challenge a venireman for cause when it can show that the venireman is incapable or unfit to serve on the jury.  
Tex. Code Crim. Proc. Ann.
 art. 35.16 (Vernon 2006).  A venireman is unfit to serve on the jury if he “has a bias or prejudice in favor of or against the defendant.”  
Id. 
art. 35.16(a)(9).  In the case of a vacillating venireman, we defer to the decision of the trial court, which was in a position to actually see and hear the venireman in the context of the voir dire.  
Emenhiser v. State
, 196 S.W.3d 915, 927-28 (Tex. App.—Fort Worth 2006, pet. filed).  We will uphold a trial court’s decision to not strike a juror for cause unless there is no adequate basis in the record to support the ruling.  
Vuong v. State
, 830 S.W.2d 929, 944 (Tex. Crim. App.), 
cert. denied
, 506 U.S. 997 (1992).  Like the trial court, appellant’s trial attorneys were also in a position to determine whether to challenge the venireman for cause.  Appellate courts do not have the benefit of observing a venireman’s demeanor and tone of voice, which are important characteristics both sides analyze when making voir dire decisions.  
See Mooney v. State
, 817 S.W.2d 693, 701 (Tex. Crim. App. 1991).   

Here, Juror Ritchie was a vacillating venireman.  While Ritchie said that  his great niece’s pending molestation case might have an influence on his decision, he did not know which way it would affect him.  More importantly, Ritchie felt “like [he] could be objective” if impaneled on the jury.  Besides this brief exchange, there is nothing in the record to assist this court in determining whether appellant’s trial attorneys had a reason to leave Ritchie on the panel.  Appellant’s trial attorneys may have determined that Ritchie would have been sympathetic, or at least impartial, to appellant after observing Ritchie’s demeanor and tone of voice at the voir dire.  
See id. 
 

Therefore, appellant’s trial attorneys did not render unreasonable representation, and this portion of appellant’s ineffective assistance of counsel argument likewise does not meet the first 
Strickland 
prong.  
See Strickland
, 466 U.S. at 687, 104 S. Ct. at 2064.    

4.  Trial Counsels’ Failure to Interview the State’s Witnesses

In appellant’s eighth and eleventh claims supporting his ineffective assistance of counsel issue, appellant asserts that his trial attorneys tried the case “blind” by failing to interview any of the State’s witnesses.  Upon reviewing the record, we note that appellant never seemed surprised by any of the State’s witnesses’ testimony.  More importantly, appellant did not argue in his brief how trial counsels’ failure to interview the State’s witnesses caused harm.  Because appellant failed to show how counsels’ failure resulted in harm, he cannot satisfy the second prong of the 
Strickland
 test.  
See id.

In appellant’s tenth and twelfth arguments, he asserts that his trial attorneys failed to communicate with him and failed “to adequately prepare witnesses.”  Appellant’s brief on these claims makes broad assertions; he does not assert how or when his trial attorneys failed to communicate or which witnesses his trial attorneys failed to prepare.  Appellant also failed to include a harm analysis in these points.  
See id. 
 If a party provides no argument or legal authority to support its position, the appellate court may properly overrule the issue or point as inadequately briefed.  
See 
Tex. R. App. P.
 38.1(h); 
Tong v. State
, 25 S.W.3d 707, 710 (Tex. Crim. App. 2000), 
cert. denied
, 532 U.S. 1053 (2001); 
Rangel v. State
, 199 S.W.3d 523, 539 n.6 (Tex. App.—Fort Worth 2006, pet. filed).  We therefore hold that appellant forfeited his complaint regarding trial counsels’ failure to communicate and failure to adequately prepare witnesses because he did not adequately brief these issues.   Having found that appellant did not show, in any of his twelve claims, either that trial counsels’ representation fell below the standard of prevailing professional norms or that there is a reasonable probability that, but for trial counsels’ deficiency, the result of the trial would have been different, we overrule appellant’s first issue.  
See Strickland
, 466 U.S. at 687, 104 S. Ct. at 2064; 
Salinas
, 163 S.W.3d at 740.

IV.  Appellant’s Motion in Arrest of Judgment

In his second issue, appellant argues that by denying him a hearing on his motion in arrest of judgment, the trial court improperly denied him the opportunity to show that Cole was not the lawful district attorney when he prosecuted appellant.
(footnote: 5)  Appellant planned to introduce numerous documents and witnesses to show that Cole had vacated his office by moving from Montague County to Denton County, but the trial court refused to hold a hearing on the motion.
(footnote: 6)  Appellant asserts that when Cole allegedly vacated his office, he was barred from serving as the Montague County District Attorney.  As a result, appellant continues, his grand jury indictment that Cole procured and the resulting trial were both void.

At no time prior to or during the trial did appellant object to Cole’s authority to conduct the prosecution.  If a party fails to object to a faulty indictment during pretrial, the party waives the defect.  
See 
Tex. Code Crim. Proc. Ann.
 art. 1.14 (Vernon 2005); 
Ex parte Morris
, 800 S.W.2d 225, 227 (Tex. Crim. App. 1990).  Because the indictment met the constitutional requirements established by article V, section 12(b) of the Texas Constitution, it was valid.  
See Duron
, 956 S.W.2d at 549; 
see also 
Tex. Const.
 art. V, § 12(b).
(footnote: 7)  

Here, the State produced evidence showing that Cole had owned a residence outside Montague County since “the middle or the latter part of the 90’s [sic].”
(footnote: 8)  Thus, the issue of Cole’s residence should have been apparent before trial ever began.  Because appellant did not object to Cole’s authority to prosecute until after trial, appellant forfeited any claim of error.  
See Stephens v. State
, 978 S.W.2d 728, 730 (Tex. App.—Austin 1998, pet. ref’d) (holding that defendant forfeited error because he did not object to authority of attorney pro tem at any time during trial).  Thus, the trial court properly denied appellant’s request for a hearing on his motion in arrest of judgment.

Even if appellant had preserved this issue for appeal, we do not believe error occurred.  Under article XVI, section 14 of the Texas Constitution, civil officers, including elected district attorneys, must reside within their districts or counties.  
Tex. Const.
 art. XVI, § 14; 
see
 
Ehlinger v. Rankin
, 29 S.W. 240, 240-41 (Tex. 1895).  A public officer vacates his office by moving out of the district or county he was elected to serve in.  
See Ehlinger
, 29 S.W. at 241.  The question of whether a vacancy exists in a public office is one of fact, to be determined by the district court.  
Id.

Here, appellant claims that his indictment was void because Cole had allegedly vacated the District Attorney’s office but still appeared before the grand jury to 
procure
 the indictment.  Appellant, however, does not claim that Cole was present during the grand jury’s vote or deliberations.  Under article 27.03 of the code of criminal procedure, a court may set an indictment aside when an unauthorized person was present during grand jury votes or deliberations.  
Tex. Code Crim. Proc. Ann.
 art. 27.03 (Vernon 2006); 
see Ray v. State
, 561 S.W.2d 480, 481 (Tex. Crim. App. 1977).  Appellant’s brief fails to describe how Cole’s alleged unauthorized status violated the sanctity of the grand jury during its voting or deliberations.  

In his brief, appellant relies solely on 
Ray v. State 
to support his contention that the indictment was void because Cole procured the indictment.  
See Ray
, 561 S.W.2d at 481.  The record also shows that appellant used this same argument in requesting his motion in arrest of judgment.  But in 
Ray
, the Court of Criminal Appeals held that the appellant failed to meet his burden of showing a violation of the sanctity of the grand jury proceedings because the evidence showed that no one other than grand jurors were present during the grand jury’s voting or deliberations.  
See id. 
 Therefore, even if appellant had preserved his claim that Cole did not have authority to procure the indictment, the trial court did not abuse its discretion by refusing to grant a hearing on this motion because appellant did not argue that Cole was present during the grand jury’s vote or deliberations.  
See id.

V.  Motions to Recuse the District Attorney and Trial Judge

In appellant’s fourth and fifth issues, he claims that Judge Woodlock abused his discretion and violated appellant’s Sixth Amendment right to compulsory process by denying appellant’s motion to recuse Judge Towery from post-trial proceedings.  Appellant intended to call Judge Towery post-trial as a witness against Cole in support of his motion in arrest of judgment.  Specifically, appellant planned to show that Judge Towery had been a social guest at Cole’s home that was located outside Montague County.  Therefore, according to appellant, Judge Towery should have been recused from participating in appellant’s trial.  

We have already determined that the trial court did not abuse its discretion by denying appellant a hearing on his claim that Cole’s procurement of the indictment invalidated the indictment.  Therefore, because appellant’s motion in arrest of judgment did not require a hearing, appellant’s motion to recuse was irrelevant.   

Accordingly, we overrule appellant’s second, fourth, and fifth issues.    

VI.  Appellant’s Request for an Evidentiary Hearing on His Motion for New Trial

In his third issue, appellant argues that the trial court abused its discretion by denying him a full evidentiary hearing on his motion for new trial based upon a juror’s alleged disqualification.  At the hearing, appellant planned to introduce evidence showing that Juror George Gregory had failed to disclose his criminal history.

A defendant’s right to an evidentiary hearing on a motion for new trial is not an absolute right, and we will reverse a trial court’s decision not to conduct a hearing only where the court has abused its discretion.  
Reyes v. State
, 849 S.W.2d 812, 815-16 (Tex. Crim. App. 1993).  An evidentiary hearing is necessary if the motion accompanied by one or more affidavits shows reasonable grounds for relief that are not determinable from the record. 
 King v. State,
 29 S.W.3d 556, 569 (Tex. Crim. App. 2000); 
Jordan v. State
, 883 S.W.2d 664, 665 (Tex. Crim. App. 1994); 
Reyes
, 849 S.W.2d at 816.  The affidavit must allege facts supporting the movant’s claim.  
See Jordan
, 883 S.W.2d at 665.  

Appellant first asserts that Juror Gregory lied about his criminal history during voir dire.  Appellant intended to support this allegation with Juror Gregory’s criminal and arrest records from PublicData.com.  According to appellant, had he been granted a hearing on his motion for new trial, he would have been able to show that this juror was disqualified.  
See
 
Tex. Code Crim. Proc. Ann.
 art. 35.16(a)(2) (requiring juror disqualification if the juror is convicted of a misdemeanor theft or felony).  However, appellant does not discuss what felony conviction, if any, Juror Gregory had failed to disclose.  Appellant claims only that he failed to disclose a “charge against him related to a sex offense.”  Without a clear claim of a felony conviction, we are unable to determine if the motion for new trial and supporting affidavit show reasonable grounds for relief not determinable from the record, i.e., that Juror Gregory was disqualified.  
See id. 
   

Moreover, under article 44.46 of the code of criminal procedure, an appellate court may reverse a criminal conviction on the ground that a juror was absolutely disqualified from service only if (1) the defendant raises the disqualification before the verdict was entered or (2) the disqualification was not discovered or brought to the attention of the trial court until after the verdict was entered, and the defendant makes a showing of significant harm by the service of the disqualified juror.  
Id
. art. 44.06 (Vernon Supp. 2006).
(footnote: 9)  Here, appellant raised the disqualification challenge 
after 
the trial court entered the verdict.  Therefore, appellant was required to show that Juror Gregory’s presence caused him significant harm.  
See id. 
 Appellant’s only argument in his motion for new trial and his appellate brief is that Juror Gregory’s presence resulted in his conviction and sentence.  A conviction and sentence alone, however, do not constitute “significant harm” within the meaning of article 44.46.  
State v. Read
, 965 S.W.2d 74, 77 (Tex. App.—Austin 1998, no pet.);
 see Hernandez v. State
, 952 S.W.2d 59, 71 (Tex. App.—Austin 1997), 
vacated on other grounds
, 957 S.W.2d 851 (1998).

By not asserting why Juror Gregory’s presence on the jury caused him significant harm, appellant did not present a reasonable ground for relief.  Because the trial court could have reached this same result from viewing the record, it did not abuse its discretion by denying an evidentiary hearing on appellant’s motion for new trial.  
See Hernandez
, 952 S.W.2d at 71.  

Accordingly, we overrule appellant’s third issue.       

VII.  Appellant’s Improper Admonishments Claims

In his seventh issue, appellant argues that the trial court committed harmful error by failing to (1) properly admonish him of the range of punishment attached to the indecency with a child offenses and of the sex offender registration requirement and (2) determine whether his guilty plea was voluntary. 

Article 26.13(a) of the Texas Code of Criminal Procedure provides that prior to accepting a plea of guilty, the trial court shall admonish the defendant, either orally or in writing, of the consequences of entering the guilty plea.  
Tex. Code Crim. Proc. Ann.
 art. 26.13(a) (Vernon 2006).  The reason for these admonishments is to ensure that the defendant enters his plea knowingly and voluntarily.  
See Carranza v. State
, 980 S.W.2d 653, 656 (Tex. Crim. App. 1998); 
Ex parte Evans
, 690 S.W.2d 274, 276 (Tex. Crim. App. 1985).

Failure to admonish is statutory error.  
See 
Tex. Code Crim. Proc. Ann.
 art.  26.13(a).  If we determine that the trial court failed to admonish appellant, we must examine the record to determine if the error affected appellant’s “substantial rights.”  
Hwang v. State
, 130 S.W.3d 496, 499 (Tex. App.—Dallas 2004, pet. ref’d).  

A.  Appellant’s Range of Punishment and 

Sex Offender Registration Admonishments  

The trial court must admonish a defendant of the punishment range attached to the offense before accepting the defendant’s plea of guilty.  
Tex. Code Crim. Proc. Ann.
 art. 26.13. 
 Indecency with a child is a second-degree felony.  
Tex. Penal Code Ann.
 § 21.11(d).  The punishment for a second-degree felony is any term of not more than twenty years or less than two years and a fine not to exceed $10,000.  
Id
. § 12.33 (Vernon 2003).  

Both parties agree that the trial court incorrectly admonished appellant that the punishment range for the indecency with a child charges was “not less than two years or more than 99 years.”  We therefore next address preservation of error and harm.  

At trial, appellant did not object to the trial court’s failure to properly admonish him.  Therefore, appellant did not preserve this admonishment claim for appellate review.  
See Ex parte Akhtab
, 901 S.W.2d 488, 490 (Tex. Crim. App. 1995).  

Even if appellant had preserved this claim, he failed to show how the trial court’s error was harmful.  In his brief, appellant contends that the trial court’s failure to properly admonish him was harmful because it misled him into pleading guilty.

“In admonishing a defendant . . . substantial compliance by the trial court is deemed sufficient unless the defendant was not aware of the consequences of his plea and was misled or harmed by the admonishment.”
(footnote: 10)  
Martinez v. State
, 981 S.W.2d 195, 197 (Tex. Crim. App. 1998) (citing 
Tex. Code Crim. Proc. Ann.
 art. 26.13(c)).  Whether the given admonishments are in substantial compliance with the required warnings is an issue that should be considered when the trial court has addressed the admonishment in some form or fashion.  
Id
.  Further, when a record shows that the trial court delivered an incorrect admonishment regarding the range of punishment, and the actual sentence lies within both the actual and misstated maximum, substantial compliance is attained.  
Id
.; 
Robinson v. State
, 739 S.W.2d 795, 801 (Tex. Crim. App. 1987).

Here, the trial court improperly admonished appellant that he faced a punishment range of two to ninety-nine years on each indecency count when the maximum sentence was actually twenty years.
(footnote: 11)  Appellant ultimately received two twenty-year sentences, which were well short of ninety-nine years and lie squarely within both the actual and misstated range for each count.  Even if appellant was unsure of the correct punishment range during the trial court’s admonishments, he had ample opportunity to discover the correct range.  During voir dire, the trial court and the prosecutor independently explained the correct punishment range to the prospective jurors.  Nothing in the record indicates that appellant was not present during voir dire.  Also, appellant’s counsel discussed the correct punishment range during his opening statement.  Further, the jury charge, which the trial court read in front of appellant, included the correct range of punishment.  In sum, the record indicates that appellant knew of the applicable punishment range prior to the jury retiring to consider its punishment verdict. Consequently, the trial court’s punishment-range admonishment substantially complied with section 26.13.

Appellant also asserts that the trial court erred by not informing him that, by pleading guilty, appellant would have to register as a sex offender.  Pursuant to article 26.13(a)(5), before accepting a guilty plea, the trial court must admonish the defendant that he will be required to register as a sex offender.  
Tex. Code Crim. Proc. Ann.
 art. 26.13(a)(5); 
Anderson v. State
, 62 S.W.3d 304, 306 (Tex. App.—Fort Worth 2001), 
aff’d
, 182 S.W.3d 914 (Tex. Crim. App. 2006).  Appellant also did not object when the trial court failed to give this admonishment.  Therefore, appellant did not preserve this admonishment claim for appellate review.  
See Ex parte Akhtab
, 901 S.W.2d at 490.  

Moreover, a court’s failure to admonish on this issue does not necessarily render a plea involuntary.  
Mitschke v. State
, 129 S.W.3d 130, 136 (Tex. Crim. App. 2004).  Appellant must first show some harm from his lack of knowledge of the sex-offender-registration requirement.  
See id. 
 If an appellant produces no evidence showing that he was unaware of the consequences of his plea and that he was misled or harmed by the trial court’s admonishment, no reversible error occurs.  
See Anderson
, 62 S.W.3d at 307.  Here, appellant presented no evidence showing how the trial court’s failure to read the sex-offender-registration requirement admonishment caused harm.   

We conclude that appellant did not preserve these claims for appellate review because he did not object to the trial court’s failure to admonish him.  
See Ex parte Akhtab
, 901 S.W.2d at 490.  Further, even if appellant had timely objected, we conclude that, in the context of the entire case against appellant, the trial court’s failure to admonish did not have a substantial or injurious effect on appellant’s substantial rights.  
See 
Tex. R. App. P.
 44.2(b); 
King v. State
, 953 S.W.2d 266, 271 (Tex. Crim. App. 1997).  Thus, we disregard the error.

B.  The Voluntariness of Appellant’s Guilty Plea

Appellant also asserts that the trial court failed to properly determine that his plea was voluntary under article 26.13(b).  
Tex. Code Crim. Proc. Ann.
 art. 26.13(b).  Appellant first argues that the trial court erred by asking if he understood a variety of constitutional rights and then immediately asking how old appellant was before ensuring that appellant fully understood those rights.  The relevant discussion follows:

THE COURT:  Now, do you understand - - you have the right to plead not guilty.  You have the right to a jury trial to determine whether or not you’re guilty of the offenses charged.  And if the jury were to find you guilty, you have the right to have that same jury assess punishment against you in this case.  

You have the right to make the State fulfill its burden of proof to prove your guilt beyond a reasonable doubt by producing witnesses against you in open court.  You can then cross-examine those witnesses.  You also have the right to subpoena witnesses to testify in your own behalf and present other evidence as to your innocence.  

How old are you?

[APPELLANT]:  Seventy-two.

Section 26.13(b) states that a trial court shall not accept a guilty plea from a defendant “unless it appears that the . . . plea is free and voluntary.”  
Id.  
In considering the voluntariness of a guilty plea, the appellate court should examine the whole record.  
Martinez
, 981 S.W.2d at 197; 
Williams v. State
, 522 S.W.2d 483, 485 (Tex. Crim. App. 1975).  

Here, in numerous instances throughout the record, appellant exhibited  that he both understood and voluntarily made the guilty plea.  For example, the following transaction occurred during appellant’s arraignment:

THE COURT:  Are you pleading guilty voluntarily and of your own free will?

[APPELLANT]:  Yes, sir.

THE COURT:  You’re not pleading guilty out of fear or any threats made against you, are you?

[APPELLANT]:  No, sir.

THE COURT:  You’re not pleading guilty because of any coercion or persuasion practiced on you by anyone, are you?

[APPELLANT]:  No, sir.

. . . .

THE COURT:  Are you pleading guilty to a count only because you are, in fact, guilty of that count and for no other reason?  

Let me - - are you pleading guilty because you are guilty and for no other reason?    

[APPELLANT]:  Yes, sir. 

The voluntary nature of appellant’s plea was also evident when appellant’s trial counsel questioned him during the punishment stage of the trial:

Q.  Now, previously, there’s been some charges that were read against you and to those you pled guilty; is that right?

A.  That’s right.

Q.  The facts that are contained within those charges, do you freely admit that you did those things?

A.  Yes, sir.

Appellant, in his brief, asks how a seventy-two-year-old man with only nine years of education could understand the rights read by the trial court during the arraignment.  However, appellant’s answers to the above questions clearly show that appellant understood and made his plea voluntarily.       

In his brief, appellant also claims that the trial court committed harmful error by not explaining “reasonable doubt” adequately when appellant asked for clarification.  A thorough examination of the record reveals that appellant actually said he did not understand how the acquittal process worked on each of the four charges.  Further, the record indicates that the trial court clarified its questions to appellant’s satisfaction.

Regardless, appellant provides no argument on how this allegedly inadequate explanation resulted in harm and no legal authority showing that a trial court must explain reasonable doubt to a party’s satisfaction.  We therefore hold that appellant forfeited his complaint regarding the trial court’s failure to adequately explain “reasonable doubt” because he did not adequately brief the issue. 
 See 
Tex. R. App. P.
 38.1(h) (stating that if a
 party provides no argument or legal authority to support its position, the appellate court may properly overrule the point as inadequately briefed); 
Tong
, 25 S.W.3d at 710; 
Rangel
, 199 S.W.3d at 539 n.6.  

Having held that appellant’s plea was voluntary and that the trial court’s failure to admonish appellant of the correct punishment range and of the sex offender registration was not harmful error, we overrule appellant’s seventh issue.

Because appellant did not brief his sixth issue—that counsel erred by stating that appellant’s case was not a probation case—we hold that he forfeited that claim.
  See 
Tex. R. App. P.
 38.1(h); 
Tong
, 25 S.W.3d at 710; 
Rangel
, 199 S.W.3d at 539 n.6.  

VIII.  Conclusion

Having overruled appellant’s seven issues, we affirm the trial court’s judgment.

TERRIE LIVINGSTON

JUSTICE

PANEL A: LIVINGSTON, HOLMAN, and WALKER, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED: November 9, 2006

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
Appellant was represented by two attorneys at trial.

3:
In his motion for new trial, appellant also alleged that the evidence was factually insufficient to support the jury verdict and that the punishment was cruel and unusual.  Appellant, however, did not assert those claims in his appellate brief.

4:
Appellant’s arguments are as follows:  trial attorneys erred by failing to conduct hearings outside the jury’s presence; trial attorneys erred by stipulating to the introduction of the victim’s testimony, which a Child Protective Services worker had videotaped previously; trial attorneys erred by not objecting to extraneous offense testimony of Ashley Harris and by not moving to suppress appellant’s voluntary statement admitting guilt; trial attorneys erred by not calling a probation officer to testify; and trial attorneys erred by admitting in their opening statement that appellant’s actions were “horrible,” “reprehensible,” and “absolutely inexcusable.”

5:
The rules of appellate procedure define a motion in arrest of judgment as “an oral or written suggestion to the trial court by an accused that judgment was not rendered against him in accordance with law for reasons stated in the motion.”  
State v. Savage
, 905 S.W.2d 268, 269 (Tex. App.—San Antonio, 1994), 
aff’d
, 933 S.W.2d 497 (Tex. Crim. App. 1996) (quoting 
Tex. R. App. P.
 33(a)).  An arrest of judgment must be based on the “face of the record”—the indictment, plea, verdict, and sentence
.  See id.
 (citing 
United States v. Sisson
, 399 U.S. 267, 280-82, 90 S. Ct. 2117, 2124-26 (1970)).  Thus, the trial court need not look past the record or hold a hearing when ruling on a motion in arrest of judgment.  
See id. 

6:
Some of the documents included (1) Cole’s homestead exemption in Denton County, (2) Denton Appraisal District’s records showing the homestead claim to still be current, (3) Cole’s Denton County vehicle registrations, and (4) Defendant’s Amended Exhibit List, which identified certified appraisal district records, voter registration records, title company records, and photos.  

7:
Appellant also raised the issue of Cole’s authority to procure the indictment and prosecute in his motion for new trial.  After a hearing on the motion for new trial, the trial court overruled the motion.  Absent an abuse of discretion, the reviewing court will not overturn a trial court’s decision on this motion.  
See Lewis v. State
, 911 S.W.2d 1, 7 (Tex. Crim. App. 1995); 
State v. Gonzalez
, 855 S.W.2d 692, 696 (Tex. Crim. App. 1993). 

8:
The State also introduced evidence showing that Cole maintained a residence at another home 
within
 Montague County.  

9:
The rules of appellate procedure list specific grounds for which a new trial must be granted.  These grounds include “when a juror has been bribed to convict or has been guilty of any other corrupt conduct” and “when the jury has engaged in such misconduct that the defendant did not receive a fair and impartial trial.” 
Tex. R. App. P.
 21.3(d), (g).

10:
The pertinent sections of article 26.13 state as follows: 

(a) Prior to accepting a plea of guilty or a plea of nolo contendere, the court shall admonish the defendant of:

(1) the range of punishment attached to the offense;

. . . .

(c) In admonishing the defendant as herein provided, substantial compliance by the court is sufficient, unless the defendant affirmatively shows that he was not aware of the consequences of his plea and that he was misled or harmed by the admonishment by the court.  

Tex. Code Crim. Proc. Ann.
 art. 26.13(a)(1), (c). 

11:
There is nothing in the record to indicate that appellant signed an admonishment form or any other pleadings that stated the correct or incorrect range of punishment.