COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-05-448-CR

 

 

BERNERD BEAVERS                                                             APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

           FROM
THE 97TH DISTRICT COURT OF MONTAGUE COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------

                                           I. Introduction








Appellant Bernerd Beavers
appeals his four convictions and sentences for two counts of indecency with a
child and two counts of aggravated sexual assault of a child.  In seven issues, appellant contends generally
that his trial counsel was ineffective, that the trial court abused its
discretion by denying his motion in arrest of judgment and motion to recuse,
that the trial court abused its discretion by denying him an evidentiary
hearing on his motion for new trial, and that the trial court improperly admonished
him regarding the range of punishment. 
We affirm.

II. Factual and Procedural
History

On August 29, 2005, appellant
entered an open plea of guilty to two counts of indecency with a child and two
counts of aggravated sexual assault of a child for touching his twelve-year-old
granddaughter=s genitals
with his hands and mouth on multiple occasions. 
The victim is the daughter of appellant=s son Skipper.  On September 1,
2005, the trial court sentenced appellant to two ninety-nine-year sentences for
the aggravated sexual assault counts and two twenty-year sentences for the
indecency counts and fined him $2,500 for each of the four counts.








On September 26, 2005,
appellant filed a motion to substitute new counsel, which the trial court
granted.  Appellant=s new counsel subsequently filed a motion for new trial on September
29, 2005, alleging that appellant=s trial counsels[2]
were ineffective, that the indictment was improper, and that the trial court
should have disqualified one or more jurors.[3]  Appellant also filed a motion to recuse the
presiding judge, Roger Towery, and a motion in arrest of judgment based upon
elected District Attorney Tim Cole=s alleged disqualification from office that appellant argued should
exclude him from participating in post-trial proceedings.

Judge Jerry Woodlock presided
over the Towery recusal hearing on October 28, 2005 and denied appellant=s motion.  During a subsequent
hearing on November 11, 2005, Judge Towery found that he did not have
jurisdiction to consider appellant=s motion in arrest of judgment; therefore, he did not remove District
Attorney Cole from participating in the case. 
Judge Towery also stated that the record sufficiently rebutted appellant=s ineffective assistance of counsel claim.  Accordingly, the judge denied appellant=s request for an evidentiary hearing on his motion for new trial based
upon this claim.

               III.  Appellant=s Ineffective Assistance Of Counsel Claim








In his first issue, appellant
complains that his defense attorneys were ineffective during the punishment
phase of trial.  Although appellant=s brief lists twelve instances in which his counsel was allegedly
ineffective, for ease of discussion, we have combined them into four
categories: (1) trial counsels= strategy; (2) trial counsels= failure to object to an improper indictment; (3) trial counsels= failure to challenge veniremen; and (4) trial counsels= failure to interview the State=s witnesses.

                                    A.  Standard Of Review

To establish an ineffective
assistance of counsel claim, appellant must show by a preponderance of the
evidence that his counsel=s
representation fell below the standard of prevailing professional norms and
that there is a reasonable probability that, but for counsel=s deficiency, the result of the trial would have been different.  Strickland v. Washington, 466 U.S.
668, 687, 104 S. Ct. 2052, 2064 (1984); Salinas v. State, 163 S.W.3d
734, 740 (Tex. Crim. App. 2005); Mallett v. State, 65 S.W.3d 59, 62-63
(Tex. Crim. App. 2001); Thompson v. State, 9 S.W.3d 808, 812
(Tex. Crim. App. 1999).








In evaluating the
effectiveness of counsel under the first prong, we look to the totality of the
representation and the particular circumstances of each case.  Thompson, 9 S.W.3d at 813.  The issue is whether counsel=s assistance was reasonable under all the circumstances and prevailing
professional norms at the time of the alleged error.  See Strickland, 466 U.S. at 688-89,
104 S. Ct. at 2065.  Review of counsel=s representation is highly deferential, and the reviewing court
indulges a strong presumption that trial counsel=s conduct fell within a wide range of reasonable representation.  Salinas, 163 S.W.3d at 740; Mallett,
65 S.W.3d at 63.  A reviewing court will
rarely be in a position on direct appeal to fairly evaluate the merits of an
ineffective assistance claim.  Thompson,
9 S.W.3d at 813-14.  AIn the majority of cases, the record on direct appeal is undeveloped
and cannot adequately reflect the motives behind trial counsel=s actions.@  Salinas, 163 S.W.3d at 740 (quoting Mallett,
65 S.W.3d at 63).  To overcome the
presumption of reasonable professional assistance, Aany allegation of ineffectiveness must be firmly founded in the
record, and the record must affirmatively demonstrate the alleged
ineffectiveness.@  Id. 
(quoting Thompson, 9 S.W.3d at 813).

Under the second prong of Strickland,
an appellant must show that counsel=s errors were so serious that they deprived him of a fair trial.  Strickland, 466 U.S. at 687, 104 S.
Ct. at 2064.  In other words, appellant
must show there is a reasonable probability that, but for counsel=s unprofessional errors, the result of the proceeding would have been
different.  Id. at 694, 104 S. Ct.
at 2068.  A reasonable probability is a
probability sufficient to undermine confidence in the outcome.  Id. 
The ultimate focus of our inquiry must be on the fundamental fairness of
the proceeding whose result is being challenged.  Id. at 697, 104 S. Ct. at 2070.

 

 








B.  Analysis

                                  1.  Trial Counsels= Strategy

The majority of appellant=s claims regarding ineffective assistance of counsel focus on his
trial counsels=
strategy.  We apply a strong presumption
that trial counsel was competent.  See
Thompson, 9 S.W.3d at 813.  On
appeal, we presume that trial counsels= actions and decisions were reasonably professional and motivated by
sound trial strategy.  See Jackson v.
State, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994); Matthews v. State,
152 S.W.3d 723, 732 (Tex. App._Tyler 2004, no pet.).  Appellant
has the burden of rebutting this presumption by presenting evidence
illustrating why his attorneys did what they did.  Matthews, 152 S.W.3d at 732. 

Appellant first asserts that
his trial attorneys were ineffective by failing to conduct an independent
investigation of the facts after noticing that appellant was confused about the
dates of the offenses.  Appellant argues
that his trial attorneys were aware that he had no recollection of anything
happening on the dates in the indictment; therefore, his trial attorneys owed
him a duty to investigate this allegedly incorrect information. 








Contrary to appellant=s contentions, however, an indictment is still effective even if the
offense dates are not specifically alleged. 
See Tex. Code Crim. Proc.
Ann. art. 21.02(6) (Vernon 1989). 
The State may prove an offense Awith a date other than the one specifically alleged so long as the
date is anterior to the presentment of the indictment and within the statutory
limitation period and the offense relied upon otherwise meets the description
of the offense contained in the indictment.@  Yzaguirre v. State, 957
S.W.2d 38, 39 (Tex. Crim. App. 1997). 
Here, because the offenses appellant was charged with in the indictment
occurred at dates anterior to the indictment=s presentment date, the indictment was valid. See id.








Further, even if the
indictment dates were incorrect, the indictment was still fundamentally valid
because appellant had notice of what he was being charged with.  See Tex.
Const. art. V, ' 12(b).  The constitutional requisites for an
indictment established by article V, section 12(b) of the Texas Constitution
are satisfied by a written instrument accusing a person of the commission of a
criminal offense with enough clarity and specificity to identify the penal
statute under which the State intends to prosecute, even if the instrument is
otherwise defective.  Id.; Duron v.
State, 956 S.W.2d 547, 549 (Tex. Crim. App. 1997); Cook v. State,
902 S.W.2d 471, 479-80 (Tex. Crim. App. 1995). 
Indictments are sufficient if they charge the commission of an offense
and enable a person of common understanding to know what is meant and with that
degree of certainty that will give the defendant notice of the particular
offense with which he is charged.  Tex. Code Crim. Proc. Ann. art. 21.11.

Here, the indictment clearly
shows that the State accused appellant of one count of aggravated sexual
assault and one count of indecency with a child on May 6, 2001 and identical
charges on May 6, 2002.  See Tex. Penal Code Ann. ' 21.11(a) (Vernon 2003), ' 22.021(a)(1)(A)(iii) (Vernon Supp. 2006).  Therefore, even if the offense dates in the
indictment were incorrect, as appellant contends here, that defect was not so
fundamental as to render the indictment invalid.  See State v. Mays, 967 S.W.2d 404, 406
(Tex. Crim. App. 1998) (holding that subject to rare exceptions, an indictment
tracking the language of a statute will satisfy constitutional and statutory
requirements). 

Regardless, appellant clearly
had notice of the offenses for which he was charged.  Numerous witnesses testified that appellant
admitted to touching his granddaughter=s genitals at least twice and placing his mouth on her genitals at
least twice.  Further, appellant himself
admitted to the acts.  Therefore, because
the record clearly shows that appellant knew of the charges, his trial
attorneys did not render unreasonable representation by failing to conduct an
investigation.  Thus, appellant=s claim does not pass the first prong of the Strickland test.  See Strickland, 466 U.S. at 687, 104 S.
Ct. at 2064.  








Second, appellant argues that
counsel erred by failing to call or subpoena appellant=s son, Skipper, to testify. 
Appellant asserts that Skipper would have been a beneficial witness
because he and Skipper had been in business together and had a good relationship
until the State brought charges against appellant based on Skipper=s daughter=s
allegations.

Here, counsels= failure to call Skipper is consistent with sound trial strategy.  For example, counsel could have chosen not to
call Skipper after Skipper=s wife and mother both testified that Skipper and appellant had been
in heated arguments and had cut most business and personal ties since appellant=s arrest.  As a result,
appellant cannot overcome the strong presumption that trial counsel performed
effectively.  See Matthews, 152
S.W.3d at 732. 








Appellant=s third through sixth arguments under this issue also fail to show
that his trial attorneys were not motivated by sound trial strategy.[4]  Counsels= trial theme, which was evident in their opening and closing
statements and throughout all of their questioning of the witnesses, was that
appellant knew what he did was wrong and sought forgiveness and a light
sentence.  Trial counsels= actions in each of these areas is consistent with such a
strategy.  As a result, appellant cannot
overcome the strong presumption that his trial attorneys performed effectively.  See id.  

           2. 
Trial Counsels= Failure to Object to an Improper Indictment

In his seventh argument
supporting his ineffective assistance of counsel claim, appellant asserts that
his trial attorneys failed to object to the offense dates alleged in the
indictment because they inflamed the jury by leading the jury to believe that the
offenses occurred on the victim=s birthday in two consecutive years. 
However, no evidence in the record shows that the offenses occurred on
dates other than those in the indictment or that the dates were ever in dispute.  On the contrary, after the prosecutor read
each count in the indictment, appellant pled guilty.  Further, during admonishments, when the trial
court asked appellant if the charges in the indictment were clear (including
the dates), appellant said he understood them.








Because the record clearly
shows that appellant knew of and understood the charges and admitted to them by
pleading guilty, appellant cannot prove that his attorneys were ineffective on
this ground.  Therefore, this claim does
not meet the first prong of the Strickland test.  See Strickland, 466 U.S. at 687, 104 S.
Ct. at 2064.  

                   3.  Trial
Counsels= Failure to
Challenge Venireman

In his ninth argument
supporting his ineffective assistance of counsel claim, appellant asserts that
his trial attorneys failed to challenge a venireman for cause after the
venireman expressed bias or prejudice. 
Appellant asserts that Juror Randall Ritchie Aclearly admitted that a niece of his had been molested, that [the
case] was being prosecuted in Montague County by the District Attorney, and
that he was >already
pretty inflamed= and that it
>might skew his judgment.=@  Appellant asserts that Juror
Ritchie Aadmitted that he could not set that experience aside,@ and trial counsels= failure to strike him for bias or prejudice was error.

The record, however, does not
support appellant=s contention
that Juror Ritchie was unequivocally biased or prejudiced as evidenced by the
following exchange:

[DEFENSE COUNSEL]:  So you would have some reason to either favor
the State or at least that might affect - -

 

JUROR RITCHIE:  I don=t
know which way it would affect me.

 

[DEFENSE COUNSEL]:  But [your great niece=s
pending case] would affect you?

 








JUROR RITCHIE: 
Like I say, I don=t
know.  The emotions run real high on both
sides of the family, and I don=t know how much of it has
spilled over on me.  But I don=t
know that it wouldn=t be
a factor.  I feel like I could be
objective, but - -

 

[DEFENSE COUNSEL]:  But you really can=t say
that you could?

 

JUROR RITCHIE: 
- - I really can=t
say.

  








Either side may challenge a
venireman for cause when it can show that the venireman is incapable or unfit
to serve on the jury.  Tex. Code Crim. Proc. Ann. art. 35.16
(Vernon 2006).  A venireman is unfit to
serve on the jury if he Ahas a bias
or prejudice in favor of or against the defendant.@  Id. art.
35.16(a)(9).  In the case of a
vacillating venireman, we defer to the decision of the trial court, which was
in a position to actually see and hear the venireman in the context of the voir
dire.  Emenhiser v. State, 196
S.W.3d 915, 927-28 (Tex. App.CFort Worth 2006, pet. filed). 
We will uphold a trial court=s decision to not strike a juror for cause unless there is no adequate
basis in the record to support the ruling. 
Vuong v. State, 830 S.W.2d 929, 944 (Tex. Crim. App.), cert.
denied, 506 U.S. 997 (1992).  Like
the trial court, appellant=s trial attorneys were also in a position to determine whether to
challenge the venireman for cause. 
Appellate courts do not have the benefit of observing a venireman=s demeanor and tone of voice, which are important characteristics both
sides analyze when making voir dire decisions. 
See Mooney v. State, 817 S.W.2d 693, 701 (Tex. Crim. App.
1991).   

Here, Juror Ritchie was a
vacillating venireman.  While Ritchie
said that  his great niece=s pending molestation case might have an influence on his decision, he
did not know which way it would affect him. 
More importantly, Ritchie felt Alike [he] could be objective@ if impaneled on the jury. 
Besides this brief exchange, there is nothing in the record to assist
this court in determining whether appellant=s trial attorneys had a reason to leave Ritchie on the panel.  Appellant=s trial attorneys may have determined that Ritchie would have been
sympathetic, or at least impartial, to appellant after observing Ritchie=s demeanor and tone of voice at the voir dire.  See id.  

Therefore, appellant=s trial attorneys did not render unreasonable representation, and this
portion of appellant=s
ineffective assistance of counsel argument likewise does not meet the first Strickland
prong.  See Strickland, 466
U.S. at 687, 104 S. Ct. at 2064.    

            4. 
Trial Counsels= Failure to Interview the State=s Witnesses








In appellant=s eighth and eleventh claims supporting his ineffective assistance of
counsel issue, appellant asserts that his trial attorneys tried the case Ablind@ by failing
to interview any of the State=s witnesses.  Upon reviewing the
record, we note that appellant never seemed surprised by any of the State=s witnesses= testimony.  More importantly, appellant did not argue in
his brief how trial counsels= failure to interview the State=s witnesses caused harm. 
Because appellant failed to show how counsels= failure resulted in harm, he cannot satisfy the second prong of the Strickland
test.  See id.








In appellant=s tenth and twelfth arguments, he asserts that his trial attorneys
failed to communicate with him and failed Ato adequately prepare witnesses.@  Appellant=s brief on these claims makes broad assertions; he does not assert how
or when his trial attorneys failed to communicate or which witnesses his trial
attorneys failed to prepare.  Appellant
also failed to include a harm analysis in these points.  See id.  If a party provides no argument or legal
authority to support its position, the appellate court may properly overrule
the issue or point as inadequately briefed. 
See Tex. R. App. P.
38.1(h); Tong v. State, 25 S.W.3d 707, 710 (Tex. Crim. App. 2000), cert.
denied, 532 U.S. 1053 (2001); Rangel v. State, 199 S.W.3d 523, 539
n.6 (Tex. App.CFort Worth
2006, pet. filed).  We therefore hold
that appellant forfeited his complaint regarding trial counsels= failure to communicate and failure to adequately prepare witnesses
because he did not adequately brief these issues.        Having
found that appellant did not show, in any of his twelve claims, either that
trial counsels=
representation fell below the standard of prevailing professional norms or that
there is a reasonable probability that, but for trial counsels= deficiency, the result of the trial would have been different, we
overrule appellant=s first
issue.  See Strickland, 466 U.S.
at 687, 104 S. Ct. at 2064; Salinas, 163 S.W.3d at 740.

                      IV.  Appellant=s Motion in Arrest of Judgment








In his second issue,
appellant argues that by denying him a hearing on his motion in arrest of
judgment, the trial court improperly denied him the opportunity to show that
Cole was not the lawful district attorney when he prosecuted appellant.[5]  Appellant planned to introduce numerous
documents and witnesses to show that Cole had vacated his office by moving from
Montague County to Denton County, but the trial court refused to hold a hearing
on the motion.[6]  Appellant asserts that when Cole allegedly
vacated his office, he was barred from serving as the Montague County District
Attorney.  As a result, appellant
continues, his grand jury indictment that Cole procured and the resulting trial
were both void.

At no time prior to or during
the trial did appellant object to Cole=s authority to conduct the prosecution.  If a party fails to object to a faulty
indictment during pretrial, the party waives the defect.  See Tex.
Code Crim. Proc. Ann. art. 1.14 (Vernon 2005); Ex parte Morris,
800 S.W.2d 225, 227 (Tex. Crim. App. 1990). 
Because the indictment met the constitutional requirements established
by article V, section 12(b) of the Texas Constitution, it was valid.  See Duron, 956 S.W.2d at 549; see
also Tex. Const. art. V, ' 12(b).[7]  








Here, the State produced
evidence showing that Cole had owned a residence outside Montague County since Athe middle or the latter part of the 90=s [sic].@[8]  Thus, the issue of Cole=s residence should have been apparent before trial ever began.  Because appellant did not object to Cole=s authority to prosecute until after trial, appellant forfeited any
claim of error.  See Stephens v. State,
978 S.W.2d 728, 730 (Tex. App.CAustin 1998, pet. ref=d) (holding that defendant forfeited error because he did not object
to authority of attorney pro tem at any time during trial).  Thus, the trial court properly denied
appellant=s request
for a hearing on his motion in arrest of judgment.

Even if appellant had preserved
this issue for appeal, we do not believe error occurred.  Under article XVI, section 14 of the Texas
Constitution, civil officers, including elected district attorneys, must reside
within their districts or counties.  Tex. Const. art. XVI, ' 14; see Ehlinger v. Rankin, 29 S.W. 240, 240-41 (Tex.
1895).  A public officer vacates his
office by moving out of the district or county he was elected to serve in.  See Ehlinger, 29 S.W. at 241.  The question of whether a vacancy exists in a
public office is one of fact, to be determined by the district court.  Id.








Here, appellant claims that
his indictment was void because Cole had allegedly vacated the District
Attorney=s office but still appeared before the grand jury to procure
the indictment.  Appellant, however, does
not claim that Cole was present during the grand jury=s vote or deliberations.  Under
article 27.03 of the code of criminal procedure, a court may set an indictment
aside when an unauthorized person was present during grand jury votes or
deliberations.  Tex. Code Crim. Proc. Ann. art. 27.03 (Vernon 2006); see
Ray v. State, 561 S.W.2d 480, 481 (Tex. Crim. App. 1977).  Appellant=s brief fails to describe how Cole=s alleged unauthorized status violated the sanctity of the grand jury
during its voting or deliberations.  

In his brief, appellant
relies solely on Ray v. State to support his contention that the
indictment was void because Cole procured the indictment.  See Ray, 561 S.W.2d at 481.  The record also shows that appellant used
this same argument in requesting his motion in arrest of judgment.  But in Ray, the Court of Criminal
Appeals held that the appellant failed to meet his burden of showing a
violation of the sanctity of the grand jury proceedings because the evidence
showed that no one other than grand jurors were present during the grand jury=s voting or deliberations.  See
id.  Therefore, even if appellant had
preserved his claim that Cole did not have authority to procure the indictment,
the trial court did not abuse its discretion by refusing to grant a hearing on
this motion because appellant did not argue that Cole was present during the
grand jury=s vote or
deliberations.  See id.

            V. 
Motions to Recuse the District Attorney and Trial Judge








In appellant=s fourth and fifth issues, he claims that Judge Woodlock abused his
discretion and violated appellant=s Sixth Amendment right to compulsory process by denying appellant=s motion to recuse Judge Towery from post-trial proceedings.  Appellant intended to call Judge Towery
post-trial as a witness against Cole in support of his motion in arrest of
judgment.  Specifically, appellant
planned to show that Judge Towery had been a social guest at Cole=s home that was located outside Montague County.  Therefore, according to appellant, Judge
Towery should have been recused from participating in appellant=s trial.  

We have already determined
that the trial court did not abuse its discretion by denying appellant a
hearing on his claim that Cole=s procurement of the indictment invalidated the indictment.  Therefore, because appellant=s motion in arrest of judgment did not require a hearing, appellant=s motion to recuse was irrelevant.  


Accordingly, we overrule
appellant=s second,
fourth, and fifth issues.    

VI. 
Appellant=s Request
for an Evidentiary Hearing on His Motion for New Trial

In his third issue, appellant
argues that the trial court abused its discretion by denying him a full
evidentiary hearing on his motion for new trial based upon a juror=s alleged disqualification.  At
the hearing, appellant planned to introduce evidence showing that Juror George
Gregory had failed to disclose his criminal history.








A defendant=s right to an evidentiary hearing on a motion for new trial is not an
absolute right, and we will reverse a trial court=s decision not to conduct a hearing only where the court has abused
its discretion.  Reyes v. State,
849 S.W.2d 812, 815-16 (Tex. Crim. App. 1993). 
An evidentiary hearing is necessary if the motion accompanied by one or
more affidavits shows reasonable grounds for relief that are not determinable
from the record.  King v. State,
29 S.W.3d 556, 569 (Tex. Crim. App. 2000); Jordan v. State, 883 S.W.2d
664, 665 (Tex. Crim. App. 1994); Reyes, 849 S.W.2d at 816.  The affidavit must allege facts supporting
the movant=s
claim.  See Jordan, 883 S.W.2d at
665.  

Appellant first asserts that
Juror Gregory lied about his criminal history during voir dire.  Appellant intended to support this allegation
with Juror Gregory=s criminal
and arrest records from PublicData.com. 
According to appellant, had he been granted a hearing on his motion for
new trial, he would have been able to show that this juror was disqualified.  See Tex.
Code Crim. Proc. Ann. art. 35.16(a)(2) (requiring juror disqualification
if the juror is convicted of a misdemeanor theft or felony).  However, appellant does not discuss what
felony conviction, if any, Juror Gregory had failed to disclose.  Appellant claims only that he failed to
disclose a Acharge
against him related to a sex offense.@  Without a clear claim of a
felony conviction, we are unable to determine if the motion for new trial and
supporting affidavit show reasonable grounds for relief not determinable from
the record, i.e., that Juror Gregory was disqualified.  See id.    








Moreover, under article 44.46
of the code of criminal procedure, an appellate court may reverse a criminal
conviction on the ground that a juror was absolutely disqualified from service
only if (1) the defendant raises the disqualification before the verdict was
entered or (2) the disqualification was not discovered or brought to the
attention of the trial court until after the verdict was entered, and the
defendant makes a showing of significant harm by the service of the
disqualified juror.  Id. art.
44.06 (Vernon Supp. 2006).[9]  Here, appellant raised the disqualification
challenge after the trial court entered the verdict.  Therefore, appellant was required to show
that Juror Gregory=s presence
caused him significant harm.  See id.  Appellant=s only argument in his motion for new trial and his appellate brief is
that Juror Gregory=s presence
resulted in his conviction and sentence. 
A conviction and sentence alone, however, do not constitute Asignificant harm@ within the
meaning of article 44.46.  State v.
Read, 965 S.W.2d 74, 77 (Tex. App.CAustin 1998, no pet.); see Hernandez v. State, 952 S.W.2d 59,
71 (Tex. App.CAustin
1997), vacated on other grounds, 957 S.W.2d 851 (1998).








By not asserting why Juror
Gregory=s presence on the jury caused him significant harm, appellant did not
present a reasonable ground for relief. 
Because the trial court could have reached this same result from viewing
the record, it did not abuse its discretion by denying an evidentiary hearing
on appellant=s motion for
new trial.  See Hernandez, 952
S.W.2d at 71.  

Accordingly, we overrule
appellant=s third
issue.       

                   VII.  Appellant=s Improper Admonishments Claims

In his seventh issue,
appellant argues that the trial court committed harmful error by failing to (1)
properly admonish him of the range of punishment attached to the indecency with
a child offenses and of the sex offender registration requirement and (2) determine
whether his guilty plea was voluntary. 

Article 26.13(a) of the Texas
Code of Criminal Procedure provides that prior to accepting a plea of guilty,
the trial court shall admonish the defendant, either orally or in writing, of
the consequences of entering the guilty plea. 
Tex. Code Crim. Proc. Ann.
art. 26.13(a) (Vernon 2006).  The reason
for these admonishments is to ensure that the defendant enters his plea
knowingly and voluntarily.  See
Carranza v. State, 980 S.W.2d 653, 656 (Tex. Crim. App. 1998); Ex parte
Evans, 690 S.W.2d 274, 276 (Tex. Crim. App. 1985).








Failure to admonish is
statutory error.  See Tex. Code Crim. Proc. Ann. art.  26.13(a). 
If we determine that the trial court failed to admonish appellant, we
must examine the record to determine if the error affected appellant=s Asubstantial
rights.@  Hwang v. State, 130
S.W.3d 496, 499 (Tex. App.CDallas 2004, pet. ref=d).  

                         A.  Appellant=s
Range of Punishment and 

                        Sex
Offender Registration Admonishments  

 

The trial court must admonish
a defendant of the punishment range attached to the offense before accepting
the defendant=s plea of
guilty.  Tex. Code Crim. Proc. Ann. art. 26.13.  Indecency with a child is a second-degree
felony.  Tex. Penal Code Ann. ' 21.11(d).  The punishment for a
second-degree felony is any term of not more than twenty years or less than two
years and a fine not to exceed $10,000.  Id.
' 12.33 (Vernon 2003).  

Both parties agree that the
trial court incorrectly admonished appellant that the punishment range for the
indecency with a child charges was Anot less than two years or more than 99 years.@  We therefore next address
preservation of error and harm.  








At trial, appellant did not
object to the trial court=s failure to
properly admonish him.  Therefore,
appellant did not preserve this admonishment claim for appellate review.  See Ex parte Akhtab, 901 S.W.2d 488,
490 (Tex. Crim. App. 1995).  

Even if appellant had
preserved this claim, he failed to show how the trial court=s error was harmful.  In his
brief, appellant contends that the trial court=s failure to properly admonish him was harmful because it misled him
into pleading guilty.








AIn
admonishing a defendant . . . substantial compliance by the trial court is
deemed sufficient unless the defendant was not aware of the consequences of his
plea and was misled or harmed by the admonishment.@[10]  Martinez v. State, 981
S.W.2d 195, 197 (Tex. Crim. App. 1998) (citing Tex. Code Crim. Proc. Ann. art. 26.13(c)).  Whether the given admonishments are in
substantial compliance with the required warnings is an issue that should be
considered when the trial court has addressed the admonishment in some form or
fashion.  Id.  Further, when a record shows that the trial
court delivered an incorrect admonishment regarding the range of punishment, and
the actual sentence lies within both the actual and misstated maximum,
substantial compliance is attained.  Id.;
Robinson v. State, 739 S.W.2d 795, 801 (Tex. Crim. App. 1987).








Here, the trial court
improperly admonished appellant that he faced a punishment range of two to
ninety-nine years on each indecency count when the maximum sentence was
actually twenty years.[11]  Appellant ultimately received two twenty-year
sentences, which were well short of ninety-nine years and lie squarely within
both the actual and misstated range for each count.  Even if appellant was unsure of the correct
punishment range during the trial court=s admonishments, he had ample opportunity to discover the correct
range.  During voir dire, the trial court
and the prosecutor independently explained the correct punishment range to the
prospective jurors.  Nothing in the
record indicates that appellant was not present during voir dire.  Also, appellant=s counsel discussed the correct punishment range during his opening
statement.  Further, the jury charge,
which the trial court read in front of appellant, included the correct range of
punishment.  In sum, the record indicates
that appellant knew of the applicable punishment range prior to the jury
retiring to consider its punishment verdict. Consequently, the trial court=s punishment-range admonishment substantially complied with section
26.13.

Appellant also asserts that
the trial court erred by not informing him that, by pleading guilty, appellant
would have to register as a sex offender. 
Pursuant to article 26.13(a)(5), before accepting a guilty plea, the
trial court must admonish the defendant that he will be required to register as
a sex offender.  Tex. Code Crim. Proc. Ann. art. 26.13(a)(5); Anderson v.
State, 62 S.W.3d 304, 306 (Tex. App.CFort Worth 2001), aff=d, 182 S.W.3d 914 (Tex. Crim. App.
2006).  Appellant also did not object
when the trial court failed to give this admonishment.  Therefore, appellant did not preserve this
admonishment claim for appellate review. 
See Ex parte Akhtab, 901 S.W.2d at 490.  








Moreover, a court=s failure to admonish on this issue does not necessarily render a plea
involuntary.  Mitschke v. State,
129 S.W.3d 130, 136 (Tex. Crim. App. 2004). 
Appellant must first show some harm from his lack of knowledge of the
sex-offender-registration requirement.  See
id.  If an appellant produces no
evidence showing that he was unaware of the consequences of his plea and that
he was misled or harmed by the trial court=s admonishment, no reversible error occurs.  See Anderson, 62 S.W.3d at 307.  Here, appellant presented no evidence showing
how the trial court=s failure to
read the sex-offender-registration requirement admonishment caused harm.   

We conclude that appellant
did not preserve these claims for appellate review because he did not object to
the trial court=s failure to
admonish him.  See Ex parte Akhtab,
901 S.W.2d at 490.  Further, even if
appellant had timely objected, we conclude that, in the context of the entire
case against appellant, the trial court=s failure to admonish did not have a substantial or injurious effect
on appellant=s
substantial rights.  See Tex. R. App. P. 44.2(b); King v.
State, 953 S.W.2d 266, 271 (Tex. Crim. App. 1997).  Thus, we disregard the error.

                    B.  The
Voluntariness of Appellant=s Guilty Plea

Appellant also asserts that
the trial court failed to properly determine that his plea was voluntary under
article 26.13(b).  Tex. Code Crim. Proc. Ann. art.
26.13(b).  Appellant first argues that
the trial court erred by asking if he understood a variety of constitutional
rights and then immediately asking how old appellant was before ensuring that
appellant fully understood those rights. 
The relevant discussion follows:

THE COURT: 
Now, do you understand - - you have the right to plead not guilty.  You have the right to a jury trial to
determine whether or not you=re guilty of the offenses
charged.  And if the jury were to find
you guilty, you have the right to have that same jury assess punishment against
you in this case.  








You have the right to make the State fulfill its
burden of proof to prove your guilt beyond a reasonable doubt by producing
witnesses against you in open court.  You
can then cross-examine those witnesses. 
You also have the right to subpoena witnesses to testify in your own
behalf and present other evidence as to your innocence.  

How old are you?

 

[APPELLANT]: 
Seventy-two.

 

Section 26.13(b) states that
a trial court shall not accept a guilty plea from a defendant Aunless it appears that the . . . plea is free and voluntary.@  Id.  In considering the voluntariness of a
guilty plea, the appellate court should examine the whole record.  Martinez, 981 S.W.2d at 197; Williams
v. State, 522 S.W.2d 483, 485 (Tex. Crim. App. 1975).  

Here, in numerous instances
throughout the record, appellant exhibited 
that he both understood and voluntarily made the guilty plea.  For example, the following transaction occurred
during appellant=s
arraignment:

THE COURT: 
Are you pleading guilty voluntarily and of your own free will?

 

[APPELLANT]: 
Yes, sir.

 

THE COURT: 
You=re
not pleading guilty out of fear or any threats made against you, are you?

 

[APPELLANT]: 
No, sir.

 

THE COURT: 
You=re
not pleading guilty because of any coercion or persuasion practiced on you by
anyone, are you?

 

[APPELLANT]: 
No, sir.

 








. . . .

 

THE COURT: 
Are you pleading guilty to a count only because you are, in fact, guilty
of that count and for no other reason?  

Let me - - are you pleading guilty because you
are guilty and for no other reason?    

 

[APPELLANT]: 
Yes, sir. 

 

The voluntary nature of
appellant=s plea was
also evident when appellant=s trial counsel questioned him during the punishment stage of the
trial:

Q.  Now,
previously, there=s
been some charges that were read against you and to those you pled guilty; is
that right?

 

A.  That=s
right.

 

Q.  The
facts that are contained within those charges, do you freely admit that you did
those things?

 

A.  Yes,
sir.

 

Appellant, in his brief, asks
how a seventy-two-year-old man with only nine years of education could
understand the rights read by the trial court during the arraignment.  However, appellant=s answers to the above questions clearly show that appellant
understood and made his plea voluntarily.      









In his brief, appellant also
claims that the trial court committed harmful error by not explaining Areasonable doubt@ adequately
when appellant asked for clarification. 
A thorough examination of the record reveals that appellant actually
said he did not understand how the acquittal process worked on each of the four
charges.  Further, the record indicates
that the trial court clarified its questions to appellant=s satisfaction.

Regardless, appellant
provides no argument on how this allegedly inadequate explanation resulted in
harm and no legal authority showing that a trial court must explain reasonable
doubt to a party=s
satisfaction.  We therefore hold that
appellant forfeited his complaint regarding the trial court=s failure to adequately explain Areasonable doubt@ because he
did not adequately brief the issue.  See Tex.
R. App. P. 38.1(h) (stating that if a party provides no argument or
legal authority to support its position, the appellate court may properly
overrule the point as inadequately briefed); Tong, 25 S.W.3d at 710; Rangel,
199 S.W.3d at 539 n.6.  

Having held that appellant=s plea was voluntary and that the trial court=s failure to admonish appellant of the correct punishment range and of
the sex offender registration was not harmful error, we overrule appellant=s seventh issue.

Because appellant did not
brief his sixth issueCthat counsel
erred by stating that appellant=s case was not a probation caseCwe hold that he forfeited that claim.  See Tex.
R. App. P. 38.1(h); Tong, 25 S.W.3d at 710; Rangel, 199
S.W.3d at 539 n.6.  

 








                                         VIII.  Conclusion

Having overruled appellant=s seven issues, we affirm the trial court=s judgment.

 

TERRIE LIVINGSTON

JUSTICE

 

PANEL A:   LIVINGSTON, HOLMAN, and WALKER, JJ.

 

DO
NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:
November 9, 2006











[1]See Tex. R. App. P. 47.4.





[2]Appellant
was represented by two attorneys at trial.





[3]In
his motion for new trial, appellant also alleged that the evidence was
factually insufficient to support the jury verdict and that the punishment was
cruel and unusual.  Appellant, however,
did not assert those claims in his appellate brief.





[4]Appellant=s
arguments are as follows:  trial
attorneys erred by failing to conduct hearings outside the jury=s
presence; trial attorneys erred by stipulating to the introduction of the
victim=s
testimony, which a Child Protective Services worker had videotaped previously;
trial attorneys erred by not objecting to extraneous offense testimony of
Ashley Harris and by not moving to suppress appellant=s
voluntary statement admitting guilt; trial attorneys erred by not calling a
probation officer to testify; and trial attorneys erred by admitting in their
opening statement that appellant=s actions were Ahorrible,@ Areprehensible,@ and Aabsolutely
inexcusable.@





[5]The
rules of appellate procedure define a motion in arrest of judgment as Aan
oral or written suggestion to the trial court by an accused that judgment was
not rendered against him in accordance with law for reasons stated in the
motion.@  State v. Savage, 905 S.W.2d 268, 269
(Tex. App.CSan
Antonio, 1994), aff=d, 933
S.W.2d 497 (Tex. Crim. App. 1996) (quoting Tex.
R. App. P. 33(a)).  An arrest of
judgment must be based on the Aface of the record@Cthe indictment,
plea, verdict, and sentence.  See id.
(citing United States v. Sisson, 399 U.S. 267, 280-82, 90 S. Ct. 2117,
2124-26 (1970)).  Thus, the trial court
need not look past the record or hold a hearing when ruling on a motion in
arrest of judgment.  See id. 





[6]Some
of the documents included (1) Cole=s homestead exemption in
Denton County, (2) Denton Appraisal District=s records showing the
homestead claim to still be current, (3) Cole=s
Denton County vehicle registrations, and (4) Defendant=s
Amended Exhibit List, which identified certified appraisal district records,
voter registration records, title company records, and photos.  





[7]Appellant
also raised the issue of Cole=s authority to procure the
indictment and prosecute in his motion for new trial.  After a hearing on the motion for new trial,
the trial court overruled the motion. 
Absent an abuse of discretion, the reviewing court will not overturn a
trial court=s
decision on this motion.  See Lewis v.
State, 911 S.W.2d 1, 7 (Tex. Crim. App. 1995); State v. Gonzalez,
855 S.W.2d 692, 696 (Tex. Crim. App. 1993). 





[8]The
State also introduced evidence showing that Cole maintained a residence at
another home within Montague County. 






[9]The
rules of appellate procedure list specific grounds for which a new trial must
be granted.  These grounds include Awhen
a juror has been bribed to convict or has been guilty of any other corrupt
conduct@ and Awhen
the jury has engaged in such misconduct that the defendant did not receive a
fair and impartial trial.@ Tex. R. App. P. 21.3(d), (g).





[10]The
pertinent sections of article 26.13 state as follows: 

 

(a)
Prior to accepting a plea of guilty or a plea of nolo contendere, the court
shall admonish the defendant of:

(1)
the range of punishment attached to the offense;

. . .
.

(c)
In admonishing the defendant as herein provided, substantial compliance by the
court is sufficient, unless the defendant affirmatively shows that he was not
aware of the consequences of his plea and that he was misled or harmed by the
admonishment by the court.  

 

Tex. Code Crim. Proc. Ann. art.
26.13(a)(1), (c). 





[11]There
is nothing in the record to indicate that appellant signed an admonishment form
or any other pleadings that stated the correct or incorrect range of
punishment.